Allen, J.
The only question of interest in this case is whether the statute of limitations was a bar to the recovery. The defendant, improperly as it appears to me, attempted to rely on the statute of limitations by a general demurrer. This was overruled. But the defence was presented by an informal plea, to which there was an equally informal replication, concluding to the country, when in fact the pleadings presented a mere question of law. There was a verdict for the plaintiffs, and judgment. This judgment I consider as a decision of the court upon the law; and if correct, it ought not to be disturbed because the issue tried by the jury may have been informal.
In Randolph's adm'x v. Randolph, 3 Rand. 490. judge Green remarked, that there is no limitation by statute to an action of debt or scire facias upon a judgment, except only in the case of a judgment on which no execution has been taken out, and in case of executors &c. The correctness of this observation, as to a scire facias where an execution had been taken out and not returned, came under the consideration of this court in Fleming's ex'or v. Dunlop &c. 4 Leigh 338. There an *601 execution had been sued out within the year, and ... another at a subsequent period, but neither returned; and to a scire facias sued out more than ten years after the judgment, the statute was held to be a bar. But judge Tucker concurred with judge Green in the opinion that debt would not be barred.
At common law there was no limitation to the action of debt; nothing but the presumption of payment or satisfaction, arising from a delay to proceed upon the judgment for 20 years. This being the law, the statute provided that judgments, where execution hath not issued, may be revived by scire facias or an action of debt brought thereon within ten years next after the date of such judgment, and not after. No other reference is made to the action of debt. At common law, if no execution was issued within the year, a presumption of satisfaction or release was raised, and the plaintiff was driven to his action on the judgment. To this the statute of Westminster the 2d superadded a scire facias, to give the plaintiff the benefit of the original judgment. And the first provision in the 5th section of our statute limits the remedy to ten years.
Where an execution had issued but was not returned, the execution could not be kept alive for want of continuances on the roll, and the party was driven to his scire facias or action. 4 Leigh 343. The second clause of the 5th section was designed to relieve the plaintiff from this inconvenience, and does so by authorizing him to obtain other executions within ten years without a scire facias. But unless he procures a return on the execution within the ten years, the act is a bar to obtaining any other execution on the judgment. But nothing is said as to the action of debt. Where the legislature intended to limit the recovery by action, as in the case first provided for, where no execution ever issued, they have done so by express words. Their attention was directed to the subject; and as they have *602 dropped the action of debt in the second clause, by which they designed to limit the time of proceeding on the same judgment, it would be a forced construction to hold that it was embraced by any equitable interpreNation of the statute,
The 6th section, which contains a saving in favour of persons labouring under disabilities, conforms to the 5th, and shews the extent to which the legislature intended to proceed, and that the omission of the action of debt in the second provision of the 5th section was not owing to inadvertence. The first provision of the 6th section relates to the first provision of the 5th. As by that, where no execution had issued, the remedy by scire facias or action of debt was limited to ten years, by the proviso in the 6th a further time is allowed in similar cases, after the disability is removed, for reviving by scire facias or action. Here the action of debt is again specified. The second provision of the 6lh section, corresponding with the second provision of the 5tb, by which, where an execution had issued and not been returned, the party was allowed to obtain other executions, allows a further time to obtain executions on the identical judgment after the disability is removed, but is silent as to the action of debt.
It seems to me, therefore, that as it appears an execution was sued out within the year and not returned, though a scire facias to obtain another execution on the same judgment would have been barred, the bar does not apply to the action of debt.
As to the other questions presented by the record, it seems to me the court did right in overruling the motion for a continuance, and in sustaining the demurrer to the fifth plea. As to the second and third pleas, there is no exception to the decision of the court rejecting them. In White v. Toncray, 9 Leigh 347. it was determined, that if pleas be tendered by the defendant and rejected by the court, and he take no ex *603 ception to the rejection of them, he shall be presumed in the appellate court to have acquiesced. In this case, it is true, the record sets out that the pleas were filed: but this, in view of the subsequent motion to reject, and the action of the court, I consider as a mere note of the clerk, and as shewing nothing more than that the pleas were tendered.
I think the judgment should be affirmed.
The other judges concurring, the judgment was affirmed.