<span style="float:right">Nov. Term, 1844.</span>

<span style="float:right">THE STATE v. NEWER.</span>

---

## THE STATE v. NEWER.

A plea in abatement to an indictment, that the grand jurors who found the indictment, were selected by the board of commissioners on the 6th of *May*, 1841, and that they had no authority to make the selection on that day, is bad for not showing, that said 6th of *May* was not included in the *May* session of the board in that year.

ERROR to the *Fountain* Circuit Court.

<span style="float:right">Saturday, December 7.</span>

DEWEY, J.—This was a prosecution against a licensed grocery keeper for selling spirituous liquor to an intoxicated person. The indictment was found at the *September* term,

1841, of the *Fountain* Circuit Court.   The defendant pleaded in abatement, that the grand jurors, who found the indictment, were selected by the board of commissioners of *Fountain* county on the sixth day of *May*, 1841; and that they were not authorized by law to make such selection, or do any other county business, on that day.   Demurrer to the plea overruled, and the indictment quashed.

By the law in force when the grand jurors in question were selected, the board doing county business in each county, was required to select grand and petit jurors at the *May* session, which was to be held on the first *Monday* of that month, and might continue for five days.   R. S. 1838, pp. 358, 151.   No statute, exempting the county of *Fountain* from the operation of this general provision, has been pointed out to us; and we know of none.   The plea does not show that the 6th of *May*, the day on which the grand jurors were selected, was not included in the *May* term of the board of commissioners, and is, therefore, bad.   The general allegation, that the commissioners had no authority to make the selection on that day, is too vague for a plea in abatement. The board was authorized to select the grand jurors at the *May* session, which might, for aught that appears, have embraced the day on which the selection was made.   The demurrer should have been sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*S. C. Willson*, for the state.