# Richmond.

MAGARITY V. SHIPMAN.

JANUARY 27th, 1887.

Absent, LEWIS, P.

APPELLATE COURT—*Case at bar.*—In the case here there is no bill of exceptions and no motion for a new trial. But the case having been referred to a referee, the proofs were taken in the form of depositions, and a report was made by him, and no exception taken thereto by either party. Such a case cannot be reviewed by this court, and will be dismissed. *Karn* v. *Hickson*, 80 Va. 589.

Error to judgments of circuit court of Fauquier county, rendered January 2d, 1884, in a suit wherein Jonathan Magarity was plaintiff, and John J. Shipman was defendant. The judgment was that the defendant recover of the plaintiff $1,200.10, with interest from January 1st, 1880, until paid, and his costs. To this judgment a writ of error and *supersedeas* was granted Magarity by one of the judges of this court.

Opinion states the case.

*Sands, Leake & Carter,* for the plaintiff in error.

*W. Willoughby,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Fauquier county, rendered on the 2d day of January, 1884.

Opinion.

There is no bill of exceptions in the case, there was no motion for a new trial, but the case having been referred to a referee, the proofs were taken in the form of depositions, and a report made by him, and no exception taken thereto by either party.

This case cannot be reviewed in this court; the evidence produced upon the trial can only be known by its being spread upon the record by bill of exceptions or by the certificate of the judge himself. Unless this is done, the court sees nothing but the process, the pleadings, the judgment (the jury being waived in this case).

The certificate of counsel affords no evidence of opinions expressed or evidence given, nor the certificate of the clerk of the papers produced or the depositions read in the cause.

The record proper is nothing but the formal allegations or pleadings on either side, the issue, the impaneling of a jury (if one), the verdict (when there is a jury), and the judgment, the mere lifeless skeleton, as it were, of the cause.

This subject was fully considered in the late case of *Roanoke Land and Improvement Company* v. *Karn & Hickson*, 80 Va. R. 589, to which reference is here made, and the authorities there cited, where is stated the settled rule of this court upon the subject.

It follows that this writ of error must be dismissed as improvidently awarded.

HINTON, J., dissented.

WRIT OF ERROR DISMISSED.