# Richmond.

## LAWRENCE v. COMMONWEALTH.

### JANUARY 16th, 1890.

1. CRIMINAL PROCEEDINGS—*Lottery—Continuance.*—Upon indictment for carrying on a lottery business, accused "appears and pleads to the charge" and moves for a continuance: *held*, not error to deny the motion. Code, sec. 4010.

2. IDEM—*Indictment—Want of form.*—It is not error for the court at trial of such indictment, to overrule motion to quash, and to reject plea setting up any want of form in the indictment. Code, sec. 4011.

3. IDEM—*Grand jury—Presence of outsider.*—Plea setting forth that after grand jury was empannelled and sent to their room to enquire of the indictment, a person, not a member of grand jury or a sworn officer of the court, was admitted and examined other witnesses sent before the grand jury, was rejected; *held*, no error, because plea does not allege that the person was not a witness sworn and sent to the grand jury by the court, but inferentially alleges that he was a witness.

4. APPELLATE PRACTICE—*The record.*—Nothing that transpired during the trial in the court below will be considered a part of the record here, unless made so by a bill of exceptions or order of the court; and the mere statement on the record that certain pleas were rejected and that parties excepted to various rulings of the court, is not sufficient.

Error to judgment of corporation court of city of Alexandria, rendered July 18, 1889, sentencing Lawson Lawrence to pay a fine of $100 00 and to imprisonment for the term of sixty days in accordance with the verdict of the jury upon an indictment for carrying on the business of a lottery. Defendant moved for a new trial and in arrest of judgment, which motions were overruled and excepted to by him, and the case brought here upon writ of error. Opinion states the case.

*Geo. A. Mushbach* and *S. G. Brent*, for the plaintiff in error.

*Attorney-General R. T. Scott*, for the commonwealth.

LACY, P., delivered the opinion of the court.

This case is a prosecution against the plaintiff in error under chapter 187 of the Code of Virginia for keeping a lottery, selling lottery tickets, and promoting and managing a lottery, who, being indicted, tried, and convicted therefor, applied for and obtained a writ of error to this court.

1. The first ground assigned as error is that the court refused to grant to the plaintiff in error a continuance of his case; that the matter of continuances is one within the discretion of the trial court, but that discretion must be exercised soundly, and not arbitrarily, and that the exercise of that discretion in this case operated to the disadvantage of the plaintiff in error, as the refusal of the court to grant his motion for a continuance forced him into an instantaneous trial and deprived him of all opportunity to prepare for his defence. This assignment of error is sufficiently answered by section 4010 of chapter 196 of the Code of Virginia, which is as follows: "Sec. 4010. On any indictment or presentment not embraced in the preceding section [which is as to petty fines], founded on any provision of chapter one hundred and eighty-seven [gaming act], or on a violation of any provision of the laws relating to the public revenue, process shall be issued immediately. If the accused appear and plead to the charge, the trial shall proceed without delay." In this case the accused appeared and pleaded to the charge, and the trial did proceed without delay. The law was complied with, and the continuance asked for was properly refused, and there is no error in this assignment.

2. The second assignment of error is that the court erred in overruling the motion of the accused to quash the indictment because the record did not set forth the appointment and oath of the foreman.

3. And the third assignment is that the court erred in rejecting the plea of the accused that the indictment was not found upon the evidence of two of the grand jury, nor upon the testimony of witnesses sworn and sent to the grand jury, whose names, both of the grand jurors giving the information and of the witnesses, must be written at the foot of the indictment. The law requires that these names shall be written at the foot of the indictment. To render it complete this must be done, and when done these constitute an essential part of the indictment; and in this case the record shows that the indictment was perfect in this respect; but if it had been otherwise in this case, and under this prosecution, the plea set up no valid defense, being as to matter of form. Section 4011 of the Code of Virginia answers both of these assignments. It is there provided that (sec. 4011) "no exception shall be allowed for any defect or want of form in any presentment, indictment, or information mentioned in either of the two preceding sections [sec. 4009, petty offenses limited to a fine not exceeding $20; sec. 4010, *supra*, gaming act], but the court shall give judgment thereon according to the very right of the case." There was no error in the action of the court in overruling the motion to quash and in rejecting a plea which set up any want of form in the indictment.

4. The fourth assignment of error is that the court erred in rejecting the second plea of the accused, by which it is set forth "that after the said grand jury had been impaneled, and had retired to their rooms for the purpose of diligently inquiring into, and true presentment making of, all such matters as might be given to them in charge, or come to their knowledge, touching violation of the laws of this commonwealth, including the matter alleged in this indictment; and while the presentment and this indictment of this defendant was being considered and deliberated upon by the said grand jury, one George R. Bowers, who was not then, and is not now, the commonwealth's attorney of said city, nor an officer, nor a sworn

officer of the said court, nor a member of the said grand jury, and who was then under indictment, found at the June term of said court, and awaiting trial for a like offense to that charged against this defendant, who has not yet been called to respond to said indictment, and has not yet been tried therefor, was sent by the said court before the said grand jury at the time aforesaid, and was then and there allowed and permitted by the said court and the said grand jury to remain, and did remain, in the room with said grand jury during the time the said grand jury were engaged in hearing the testimony of other witnesses duly sent before said grand jury to testify touching this presentment and indictment, and did then and there ask and propound the questions, and prompt and suggest and control the questions put to such witnesses by said grand jury touching this indictment, and the offense therein alleged against the defendant, and the examination of such witnesses by such grand jury touching the same, and did remain in the room with said grand jury during their deliberations upon the said presentment and indictment." In this state the statute does not prescribe who may be present, and the grand jury, although constituted by statute, is to follow in its procedure the rules of the common law, unless a statute was otherwise provided. The rule as to secrecy prescribed by the English law, and embodied in the oath, is omitted from the oath prescribed by our statute. "As to the presence of persons not of the grand jury, a distinction appears to be made," says Mr. Bishop, "between the hearing of the testimony and the deliberations thereon." 1 Bish. Crim. Prac., sec. 861. In some early instances, not as of common practice, but, it seems, at the request of the officers prosecuting for the king, the evidence was produced publicly in open court to the grand jury, yet their deliberations were private. *Rex v. Shaftesbury,* 8 How. State Tr., 759, 771, 774, 775, 820, 821; *Poulterer's case,* 9 Coke, 55*b*. In modern times, however, the grand jury, though deemed a part of the court, always sits by

itself while receiving testimony; and it is not believed that a departure from this practice, even in an exceptional instance, would now be allowed. *State* v. *Branch*, 68 N. C., 186; *Grand Jury* v. *Public Press*, 4 Brewst., 313. In the last named case Ludlow, J., speaking of multiplied and flagrant vices tending to debauch and corrupt the public morals, said: "In such cases the courts may properly, in aid of inquiries directed by them, summon, swear and send before the grand jury such witnesses as they may deem necessary to a full investigation of the evils intimated, in order to enable the grand jury to present the offense and the offenders." Still, if, while the testimony is being introduced, a third party, not participating, is present, under no suspicious circumstances, as, for example, a bailiff, or one drawn as a grand juror, yet not in due form, according to some of the cases, this will not vitiate the finding. 1 Bish. Crim. Proc., sec. 857; *State* v. *Kimball*, 29 Iowa, 267; *State* v. *Clough*, 49 Me., 57, 63; *Little* v. *Com.*, 25 Gratt., 921. The authorities are not distinct as to the effect of the presence of the third person while the jury deliberate on finding a bill, yet, at least, in the words of Hanna, J., "the better practice would be for the jury to exclude every other person from their room at such time; but we are not prepared to say they may not, in their discretion, permit the prosecuting attorney to remain." *Shattuck* v. *State*, 11 Ind., 473, 477; *State* v. *Kimball, supra; State* v. *Fasset*, 16 Conn., 457. The practice is far from uniform in the different states as to the admission of the prosecuting attorney. In some of the states he may not even enter their room without the express leave of the court; in others he is allowed to be there when they are not deliberating on their finding. And in many of the states it is competent for a mere private person to take a case directly to them and ask an investigation. "In general," says Mr. Chitty, "however, every man is of common right entitled to prefer an accusation against a party whom he suspects to be guilty [of crime]." 1 Chit. Crim. Law., 1; *State* v. *Millain*, 3

Nev., 409; *State* v. *Gossage*, 2 Swan., Tenn., 263; *Bedford* v, *State, Id.,* 72. In a late case (*U. S.* v. *Ambrose*, 3 Fed. Rep., 283, 285) it was said by Mr. Justice Swayne that "the authorities upon the general subject as to how far an indicted party may go behind the indictment, as regards the action of the grand jury, or the questions he may raise, or the objections he may make, or what objections, if sustained, are fatal, or what are otherwise, are in utter confusion." In some of the states it is considered that the only objections that can be taken to grand jurors by plea in abatement, must be such as would disqualify the juror to serve in any case. In other words, the plea must show the absence of positive qualifications demanded by law. [1] *State* v. *Easter*, 30 Ohio St., 542; *Koch* v. *State*, 32 Ohio St., 353. The plea is not generally favored. In the case of *State* v. *Rickey*, 10 N. J. Law, 83, 86, Ford, J., said: "It may be used as an engine of great delay, so as that a new indictment may be impracticable, on account of the statute of limitations, before the old one comes to be quashed; and guilty offenders will, if they are able, seek immunity under it for their crimes, and make it a refuge against public justice, turning it into ridicule and contempt." And it may be stated, as the almost unanimous voice of all authorities, both state and federal, that, the plea in abatement being of a dilatory character, the law requires that it shall contain all essential averments, pleaded with strict exactness. In *Thompson's case*, Brockenbrough, J., after referring to *Scarlet's case*, 3 Inst., 33, 12 Rep., 98, and *Cherry's case*, 2 Va. Cas. 20, as to a corrupt nomination of one's self to be a grand juror, said: "But in the case now before the court the plea which was tendered does not charge any corrupt nomination of himself by the grand juror, or any false conspiracy between himself and the sheriff to be returned on the panel. The nomination of himself which is charged, may have been perfectly innocent, and the court is not authorized to presume the contrary. We have therefore no hesitation in

deciding that in this case the plea should be rejected." 4 Leigh, 668; *Sheridan's case*, 31 How. State Tr., 612; *State* v. *Newer*, 7 Blackf., 307. These should be neither uncertain, ambiguous, nor repugnant. *Lewis* v. *State*, 1 Head., 329; *U. S.* v. *Williams*, 1 Dill., 485; *Ward* v. *State*, 48 Ind., 289; *Allen* v. *People*, 77 Ill., 484; *Findley* v. *People*, 1 Mich., 234.

It has been held that the presence of a person not a member of the grand jury during its deliberations will be ground for setting aside the indictment. 9 Amer. & Eng. Cyclop. Law, 2d vol., 16, "Grand Juries," citing *Rothschild* v. *State*, 7 Tex. App., 519; *State* v. *Watson*, 34 La. Ann., 669. The plea in this case was properly rejected by the court because (1) it does not allege that the person stated was not a witness sworn and sent to the grand jury by the court, and (2) because it does inferentially allege that he was a witness, because it states that he examined other witnesses; but, if this were otherwise, this court cannot reverse the corporation court, because no exception was taken to this ruling of the court. The record states that the plea was rejected by the court, and there is a general allegation that the "defendant excepted to various rulings of the court." But there is no bill of exceptions as to this, and this applies with equal force to the first, second, and third assignments of error briefly considered above. *Roanoke Land and Improvement Co.* v. *Karn*, 80 Va., 589; *Magarity* v. *Shipman*, 82 Va., 806. Mr. Minor (4 Inst., 746) says as to this: "When the ground of complaint is that evidence or pleas have been improperly excluded, the bill of exceptions must show affirmatively the relevancy of the evidence and the propriety of the pleas, or else an appellate court, perceiving what the action of the court below was, and not discovering that it was wrong, will presume it to have been right." See *Courtney* v. *Commonwealth*, 5 Rand., 666; *Rowt* v. *Kile's Adm'r*, 1 Leigh, 216; *White* v. *Toncray*, 9 Leigh, 347; *Herrington* v. *Harkins*, 1 Rob., 591; *Bowyer* v. *Hewitt*, 2 Gratt., 193; *Johnson* v. *Jennings*, 10 Gratt., 1; *Fitzhugh* v. *Fitzhugh*, 11 Gratt., 301; *Dick-*

*inson* v. *Dickinson,* 25 Gratt., 324; *Stoneman's case, Id.,* 898. So that if we perceive any error in the foregoing assignments, under the foregoing well-settled principles, the action of the corporation court could not be reversed here.

As to the fifth assignment of error, which is as to the action of the corporation court in overruling the motion of the plaintiff in error to set aside the verdict and grant a new trial, the evidence is certified in a bill of exceptions, and the verdict, from an inspection of the said evidence, appears to be fully sustained, and the action of the corporation court in overruling this motion appears to be plainly right. Indeed, this was admitted at bar by the counsel for the plaintiff in error, and that point waived.

We are for the foregoing reasons of opinion that there is no error in the judgment of the corporation court, and the same must be affirmed.

Judgment affirmed.