Atchison, T. & S. F. Ry. Co. v. Love *et al.*

No. 553. Opinion Filed February 2, 1909.

(99 Pac. 1081.)

1. CORPORATION COMMISSION—Appeals From—Procedure. At any time within 12 months from the date a final order is made by the Corporation Commission any proper party feeling aggrieved may prosecute an appeal therefrom by making application to the chairman of said commission for him, under the seal of said commission, to certify to this court all the facts upon which the action appealed from was based, and which may be essential for the proper decision of the appeal, together with such evidence introduced before or considered by the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper, and also a written statement of the reasons upon which the action sought to be appealed from is based, to be filed with the record of the case, which will constitute the record for review in this court. (a) It is not necessary that a motion for a new trial be filed and presented to the commission in order to have this court on appeal to determine the reasonableness and justness of the order of the commission from which the appeal is prosecuted.

(Syllabus by the Court.)

Original application by the Atchison, Topeka & Santa Fe Railway Company for a writ of mandamus to be directed to J. E. Love, chairman, and the Corporation Commission of the state of Oklahoma. Writ awarded on condition.

On the 19th day of December, A. D. 1908, the Atchison, Topeka & Santa Fe Railway Company filed its petition in this court, alleging:

(1) That it is a corporation organized under the laws of the state of Kansas, and owning and operating a line of railway in the state of Oklahoma, and is a common carrier for hire. That the defendant J. E. Love is chairman of the Corporation Commission of the state of Oklahoma, and duly qualified and acting as such. That on the 1st day of October, A. D. 1908, said Corporation Commission issued its order fixing freight rates on cotton, cotton seed, cotton seed meal, cotton seed cake, cotton seed ashes, and cotton seed hulls, materially reducing the existing freight rates, to the prejudice of petitioner.

(2) That said order was duly signed and dated October 1, A. D. 1908, and has been duly published in the "Guthrie Leader". a newspaper of general circulation published at Guthrie, Okla., from October 1 to October 22, A. D. 1908, inclusive. A copy of said order is attached to said petition as a part thereof.

(3) That on the 14th day of December, A. D. 1908, petitioner presented to Hon. J. E. Love, chairman of the Corporation Commission, its request in writing, which, among other things, contained the following:

"It therefore respectfully requests that the chairman of this commission certify under the seal of the commission to the Supreme Court all of the facts upon which the said order is based, together with all evidence introduced before or considered by the commission in the hearing of said matter and in the making of said order, including a written statement of the reasons upon which the action of the commission in making said order is based, together with a copy of said order. Your petitioner in support of this request cites section 22 article 9 of the Constitution of this state. [Bunn's Ed. § 234.]"

(4) It is recited that a copy of said request as presented to said commission is attached as a part of said petition; that the chairman refused to certify the evidence as requested, alleging as a reason therefor that the time for appeal had expired; that the refusal of the chairman of said commission to comply with said request is indorsed on the back of the same, and made a part of said petition.

Petitioner further alleges that, notwithstanding said order became final, either on the 1st day of October or on the 22d day of October, when the publication of same was completed, it is entitled to prosecute an appeal from said judgment; that under section 22, art. 9, Const., no limitation is placed upon the right of appeal from the orders of said commission. Petitioner says, therefore, that it is entitled to have said request complied with by the chairman of said commission, and that he wholly fails and refuses to do so. Petitioner states that it is unable to make out any complete assignment of the errors committed to its prejudice in the trial of said cause, for the reason that the chairman of said commission refuses to furnish it with the evidence, findings of fact, or certified copy of the order made in said cause.

Petitioner assigns error as to said order for the following reasons:

(1) That said order was and is erroneous, in that it reduces the compensation for the carriage of the products mentioned to a sum actually less than will reimburse it for the transportation of same.

(2) That the rules and regulations prescribed by said order are unreasonable and unjust.

(3) That the commission ignored the conference agreement made by and between the producers and shippers and the railway and railroad companies, which conference was held with the clerk of said commission as chairman, and freely entered into by representatives of both the railroads and the shippers interested.

(4) That said order is in violation of the Constitution of this state and of the United States, in that it compels the defendant to perform a service for a wholly inadequate compensation, and so grossly so as to amount to the taking of its property without due process of law.

That petitioner is wholly without any remedy for the wrong committed against it by said chairman of said commission in refusing to certify the facts and evidence in said cause, as required by the Constitution of this state, other than by invoking the su-

pervisory jurisdiction of this court over the action of said commission and its members.

That it caused notice to be served on the chairman of said commission that it would on the 21st day of December, A. D. 1908, present to this court its application for an order requiring the chairman of said commission to certify to this court under the seal of said commission the facts upon which said order No. 99 was made, together with all evidence introduced before or considered by said commission, including a written statement of the reasons upon which the action of said commission in making the order is based, together with a copy of said order.

Then follows a prayer that an. order be made directing the chairman of said commission to grant the certificate requested by the petitioner, and transmit same to the clerk of this court, in order that the petitioner may be able to present to and have considered by this court the error which it believes was committed to its prejudice in the hearing of said cause by said commission, and in the making and promulgating of said order No. 99.

On the 21st day of December, A. D. 1908, said cause came on for hearing; the Corporation Commission appearing by counsel and resisting same.

*Cottingham & Bledsoe,* for plaintiff, contended that section 22, article 9, of the Constitution provides a method of appeal from orders of the Corporation Commission independent of the case-made, and upon which there is no time limit other than the possible application of section 4748, Wilson's Rev. & Ann. St.—citing and discussing *Interstate Commerce Com. v. Beard,* 194 U. S. 39; *Ravia Granite Ballust Co. v. Wilson,* 22 Okla. 689; *Porter et al. v. Brook,* 21 Okla. 885.

*Geo. A. Henshaw,* Asst. Atty Gen., for the defendant, argued that, under the letter and spirit of the Constitution, the Supreme Court should follow the case-made procedure, making such rules and regulations as would secure speedy settlement of cases affecting the public.

WILLIAMS, J. (after stating the facts as above).   The only question necessary to determine on this record is whether or not a motion· for a new trial and a case-made is prerequisite to the allowance of an appeal from a final order of the Corporation Commission.

Section 22, art. 9, Const. Okla. (section 234, Bunn's Ed.; Snyder's Ed. p. 259), provides that "in no case of appeal from the commission shall any new or additional evidence be introduced in the Supreme Court; but the chairman of the commission, under the seal of the commission, shall certify to the Supreme Court all the facts upon which the action appealed from was based and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by, the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper to certify.   The commission shall, whenever an appeal is taken therefrom, file with the record in the case, and as a part thereof, a written statement of the reasons upon which the action appealed from was based. and such statement shall be read and considered by the Supreme Court, upon' disposing of the appeal.   The Supreme Court shall have jurisdiction on such appeal, to consider and determine the reasonableness and justness of the action of the commission appealed from, as well as any other matter arising under such appeal:   Provided, however, that the action of the commission appealed from shall be regarded as *prima facie* just, reasonable and correct; but the court may, when it deems necessary in the interests of justice, remand to the commission any case pending on appeal, and require the same to be further investigated by the commission, and reported upon to the court (together with a certificate of such additional evidence as may be tendered before the commission by any party in interest), before the appeal is finally decided."   Section 20, art. 9 (section 231, Bunn's Ed.; Snyder's Ed. p. 258), also provides that "until otherwise provided by law,

such appeal shall be taken in the manner in which appeals may be taken to the Supreme Court from the district courts, except that such an appeal shall be of right, and the Supreme Court may provide by rule for proceedings in the matter of appeals in any particular in which the existing rules of law are inapplicable." These excerpts were borrowed substantially from the Constitution of the state of Virginia of 1902. Section 156, art. 12, Va. Code Ann. 1904, pp. 254, 255.

For the purpose of determining the meaning of these provisions as they appear in the Oklahoma Constitution, we look to the appellate procedure then in force in Virginia. At that time an appeal prosecuted to the Supreme Court of Appeals of Virginia brought before that court for review the entire record. *Gaines v. Merryman,* 95 Va. 663, 29 S. E. 738. The record is nothing but the formal allegations of the pleadings on either side, the issue, impaneling of the jury, the verdict and judgment. Rulings of the court and action of the court as to the evidence and the proceedings must be made a part of the record by bill of exceptions. *Magarity v. Shipman,* 82 Va. 806, 7 S. E. 381. If the opinion of the trial judge is referred to in the decree deciding the cause as setting forth reasons for his decision, it becomes a part of the record. *Todd v. Sykes,* 97 Va. 143, 33 S. E. 517. Section 3385a Va. Code Ann. 1904, which was in force at the time of the adoption of the Virginia Constitution of 1902, provides that "the failure to make a motion for a new trial in any case in which an appeal, writ of error, or supersedeas lies to a higher court, shall not be deemed a waiver of any objection made during the trial if such objection be properly made a part of the record."

In section 22, *supra,* it is provided that "the court may, when it deems necessary, in the interest of justice, remand to the commission any case pending on appeal, and require the same to be further investigated by the commission and reported upon to the court (together with a certificate of such additional evidence as may be tendered before the commission by any party in interest). * * * " The clause, "together with a certificate of such addi-

tional evidence as may be tendered before the commission by any party in interest," clearly indicates that in certifying to this court the facts upon which the action appealed from was based, and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by, the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper to certify, it is to include the offer or tender of evidence before the commission by any party in interest which is refused or rejected by the commission; for, if it did not, it would be difficult to understand what is meant by said clause, "together with a certificate of such additional evidence as may be tendered before the commission by any party in interest."

Section 1313a, par. 34, p. 726, tit. 18, c. 56a, 1 Va. Code Ann. 1904, provides as follows:

"That the commonwealth, or any party aggrieved by any final finding, order, or judgment of the commission shall have, of right, regardless of the amount involved, an appeal to the Supreme Court of Appeals, same to be taken and perfected within six months from the date of such final finding, order, or judgment, and the Supreme Court of Appeals may, on petition of the Attorney General, or any other party so aggrieved, if said petition be presented within six months from the date of the final finding, order, or judgment of the commission, award a writ of supersedeas to any such final finding, order, or judgment, and may review, affirm, reverse, or modify the same, as justice may require, and enter therein such order as may be right and just. All such appeals shall be taken and perfected, heard and determined, and the mandate of the Supreme Court of Appeals certified down to the commission in the same manner as appeals in equity causes from the circuit or corporation courts of this commonwealth to the Supreme Court; except such appeals shall be heard and disposed of promptly by the Supreme Court, irrespective of its place of session, next after *habeas corpus* and commonwealth's cases already on the docket: Provided, however, this section shall not be construed to interfere in any way with the provisions of subsections (d), (e), (f), and (g) of section one hundred and fifty-six of the Constitution, as to appeals from the action of the com-

mission, prescribing rates, charges, or classification of traffic, or affecting the train schedule of any .transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company or refusal to approve a suspending bond, or requiring additional security thereon or an increase thereof; but shall be construed, to provide only for appeals from the final findings, orders, and judgments of the commission in cases not expressly provided for by the Constitution."

In appeals in equity cases neither is a motion for a new trial required nor a bill of exceptions necessary to preserve and make the evidence heard and considered by the chancellor a part of the record.

Prior to the enactment of section 1313a, par. 34, *supra,* the statute of limitation prescribed within which an appeal might be prosecuted was 12 months, but the General Assembly by said act reduced the same in at least certain cases to six months. Section 3474, 2 Va. Code 1904.

There. is no ·question of policy in this matter for this court; for courts determine laws, not policies. That is the function of the Legislature. This court has no authority by rule to change in the matter of appeals in any particular the provisions of any statutory law, unless the same are inapplicable. If they apply, it is our bounden duty to follow same. If such provisions are not wise and salutary, these are considerations to be addressed to the Legislature to amend or change same, but not to be considered by a judicial body when the terms of the same are plain.

The provisions of section 22, *supra,* as originally .adopted in Virginia, in relation to the appellate procedure then in force in that state, were. intended to. dispense with. the necessity of a bill of exceptions in order to bring the evidence, or any part of it, up as a part of the record in any case. Section 4738, Wilson's Rev. & Ann. St. 1903, provides that "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made as hereinafter provided, or a copy thereof."

In the view hereinafter taken, it is not necessary to determine whether or not a party could appeal from an order of the Corporation Commission by means of a case-made, or whether or not when a case-made as certified to by the chairman under the seal of the commission comes within the rule prescribed in section 22, art. 9, *supra*. The presumption is that the provisions borrowed from the Virginia Constitution were inserted with a like intent and meaning in the Constitution of the state of Oklahoma It was the settled practice in Oklahoma Territory at the time of the admission of the state into the Union that an appeal might be taken to the Supreme Court of that territory by a transcript of the record, and the only way the evidence could become a part of such record was by means of a bill of exceptions. The facts upon which the action of the commission appealed from was based and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper to certify, and a written statement by the commission of the reasons upon which the action appealed from was based, certified to by the chairman of the commission under its seal, when filed with the record of the case, in connection therewith, constitute the complete record for an appeal to this court to have determined the reasonableness and justness of the action of the commission from which the appeal is prosecuted.

It is provided in section 20, art. 9, *supra*, that, until otherwise provided by law, such appeal may be taken in the manner in which appeals are taken to the Supreme Court from the district courts. Section 4743, Wilson's Rev. & Ann. St. 1903, provides that "no proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of or in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisonment within one

year as aforesaid, exclusive of the time of such disability." This is the only statute called to our attention limiting the time in, which an appeal may be prosecuted; the limitation therein being one year after the rendition of the judgment or making of the final order. The petition for the certified record was presented by the plaintiff to the chairman of the Corporation Commission before the expiration of one year from the date of the making of the final order, and such time is not yet expired.

In the case of *Porter et al. v. Brook* (decided by this court September 10, 1908) 21 Okla. 885, 97 Pac. 645, the court held under Act Cong. March. 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), providing that appeals and writs of error shall be taken from the United States courts in the Indian Territory to the United States Court of Appeals of said territory in the same manner that cases are taken by appeal or writ of error from the Circuit Court of the United States to the Circuit Court of Appeals of the Eighth Circuit, that the word "manner" included time, and an appeal must be taken within six months from the date of the entry of the judgment sought to be reviewed, as required by the statute prescribing the time in which an appeal or writ of error might be prosecuted from the Circuit Courts of the United States to the Circuit Court of Appeals of the Eighth Circuit. See, also, *Lewis et al. v. Sittel* (C. C. A. 8th Circuit) 165 Fed. 157.

In the case of *Prentis et al. v. Atlantic Coast Line Company* (decided by the Supreme Court of the United States on November 30, 1908) 211 U. S. 210, 29 Sup. Ct. 67, appealed from the Circuit Court of the United States for the Eastern District of Virginia, involving the construction of the powers of the state Corporation Commission of that state, Mr. Justice Holmes, in delivering the opinion of the court, said:

"There is yet another difficulty in applying to these cases the comity which it is desirable if possible to apply. The Virginia statute of April 15, 1903, enacted to carry into effect the provision of the Constitution, requires by section 34 certain, if not all, appeals to be taken and perfected within six months from the date

of the order. Pollard's Code Va. 1904, p. 726. It may be that when an appeal is taken to the Supreme Court of Appeals, this section will be held to apply and the appeal be declared to be too late. We express no opinion upon the matter, which is for the state tribunals to decide, but simply notice a possibility. If the present bills should be dismissed, and then that possible conclusion reached, injustice might be done. As our decision does not go upon a denial of power to entertain the bills at the present stage, but upon our views as to what is the most proper and orderly course in cases of this sort when practicable, it seems to us that the bills should be retained for the present to await the result of the appeals if the companies see fit to take them. If the appeals are dismissed as brought too late, the companies will be entitled to decrees. If they are entertained and the orders of the commission affirmed, the bills may be dismissed without prejudice and filed again."

It is evident that the Supreme Court of the United States entertains some doubt as to whether the six-month statute or the twelve-month statute applied to appeals from the order of the commission fixing rates. In this state, as there is no six-month statute, there can be no question but that the twelve-month statute applies. Section 15, art. 7 (section 187, Bunn's Ed.; Snyder's Ed. p. 221), Const. Okla., provides that "appeals and proceedings in error shall be taken from the judgments of the county courts direct to the Supreme Court, * * * in the same manner and by like proceedings [italics ours] as appeals are taken to the Supreme Court from the judgments of the district court"; and in section 16 of the same article it is provided that, "until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county court to the district court of the county in the same manner [italics ours] as is now provided by the laws of the territory of Oklahoma for appeals from probate courts to the district court, and in all cases appealed from the county court to the district court, the cause shall be tried de novo [italics ours] in the district court upon questions of both law and fact." It is evident that the term, "in the same manner," is used in said sections as meaning "within the same time," for in said

section 15 it is further stipulated, " and by like proceedings as appeals are taken to the Supreme Court from judgments of the district court," and in said section 16 (Bunn's Ed. § 188) it is further stipulated, "and in all cases appealed from the county court to the district court the cause shall be tried *de novo* in the district court upon questions of both law and fact," which is nothing but a restatement affirmatively, specifically, and expressly of the rule then in force in the territory of Oklahoma, which was otherwise extended to and remained in force by virtue of section 2 of the Schedule (section 451, Bunn's Ed.; Snyder's Ed. p. 381) to the Constitution; for section 1807, Wilson's Rev. & Ann. St. 1903, provides that "when the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be *de novo,* and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the probate court or judge had, and it may in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties, and such order must state distinctly and plainly the questions of fact to be tried."

It was clearly the policy and intention of the framers of the Constitution to expressly provide therein, as far as practicable, a system of procedure, as well as to prescribe the time for taking appeals. As before stated, we find in section 20, art. 9, *supra,* as was provided in sections 15, 16, art. 7, *supra,* "that said appeal shall be taken *in the same manner* [italics ours] in which appeals may be taken to the Supreme Court from the district court, except that such an appeal *shall be of right* [italics ours] and the Supreme Court may provide by rule for the proceedings in the matter of appeals in any particular in which the existing rules of law are inapplicable"; and then following in section 22 of the same article, provision is made specifically as to how the facts upon which the action appealed from is based and which

may be essential for the proper decision of the appeal, together with such of the evidence introduced before or considered by the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper to certify, and a written statement of the reasons upon which the action appealed from was based may be filed with the record of the case, all of which are to constitute the complete record for review in the Supreme Court.

· The last provision, relating to the same subject appearing in the body of an instrument, under the rules of construction, is to be given effect and not to be limited by what precedes, unless it is clear from the full context that such was the intention. In this case the only way to give any effect whatever to the provisions of section 22, art. 9, Const., is to hold that it provides a comprehensive way in which to get the evidence, statement of facts, and the conclusions of the commission for review before the Supreme Court. Any other construction would make said excerpt of said section abortive and without effect:

"* * * The whole instrument or act is to be examined with a view of arriving at the true intention of each part, and if any section of the law be intricate, obscure, or doubtful, the proper way to determine its true meaning is by comparing it with other sections, and finding out the sense of one clause by the words and obvious intent of another, and in making such comparison it is not to be supposed that any words have been employed without occasion, or without the intent that they should have effect as a part of the law. Effect is to be given to the entire instrument or act, and to every section and clause, and if different portions seem to conflict the courts must harmonize them, if practicable, and must lean in favor of the construction which will render every word operative, rather than to one which will make some words idle and nugatory. Statutes may not be revoked or altered by construction when the words may have their proper operation without it, but in the nature of things contradictions cannot stand together; and where there is an act or provision which is general and applicable, actual or potential, to a multitude of subjects, and there is also another act or provision which

is particular and applicable to one of these subjects, and inconsistent with the general act they are not necessarily so inconsistent that both cannot stand, though contained in the same act, or though the general law were an independent enactment. The general act would operate, according to its terms, on all the subjects embraced therein, except the particular one which is the subject of the special act, which would be deemed an exception, unless the terms of the latter, which were general, manifestly intended to exclude the exception. If the general and special provisions are in the same act, or passed on the same day in separate acts, or at the same session of the Legislature, the presumption is stronger that both are intended to operate." (*Trapp    v. Wells, Fargo Exp. Co.,* 22 Okla. 377, 97 Pac. 1005.)

'Examining our own statutes and the different provisions of the Constitution of this state, it is evident that in all such provisions wherever the word "manner" is used it is meant either "time" or would include "time."

Said provision of section 22, art. 9, *supra,* appears to be mandatory, and to adopt any other construction than that under such certificate the evidence and statement of facts thus certified to and the statement of the reasons upon which the action appealed from was based, on being filed with the record in the Supreme Court, thus becoming a part of the record, constitutes the complete record to be reviewed on such appeal, would be to construe that such provision was of no effect whatever. To give any effect whatever to said provision of section 22, art. 9, *supra,* other than as heretofore pointed out, would be tantamount to holding that, before such evidence and statement of facts thus certified to and the statement of the reasons upon which the action appealed from was based could be considered on appeal in connection with the record proper in such case, it would be necessary for a motion for a new trial to be filed and acted upon by the commission and preserved in the record by a bill of exceptions. And, in the event that a bill of exceptions was necessary to preserve the motion for a new trial as a part of the record at the same time the evidence in like manner could be made a part of the record, and the conclusion would necessarily follow that

the framers of the Constitution inserted a provision in said section 22, art. 9, that is incomplete and not required, and in no way necessary. When we consider said section in the light of sections 15, 16, art. 7, *supra,* in view of the rules of construction heretofore referred to, we conclude that such was not their intention; that this section was inserted for a specific purpose, and it was not thrown in in a haphazard way, without any definite purpose or intent.

We conclude that any proper party may appeal from any final order of the Corporation Commission at any time within one year from the date the same is made; that in making the final order it is the duty of the commission to enter of record a statement of all the facts upon which said order was made. And, when application is made by any party to such action who is entitled to prosecute an appeal therefrom to the chairman of said commission to certify under its seal to this court all the facts upon which the action appealed from was based, and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by, the commission as may be selected, specified and required to be certified by such party, or any other party in interest, as well as such other evidence so introduced or considered as the commission may deem proper to certify, and also make a written statement of the reasons upon which the action appealed from was based, and to transmit the same to the clerk of the Supreme Court to be filed with the record of the case, it is his duty to comply therewith.

The order prayed for will be awarded, but not to be issued at this time. If the chairman of the Corporation Commission fails to make such certificate and such written statement, and transmit the same to the clerk of this court, as requested, upon advice of our conclusions, the plaintiff may renew its motion.

All the Justices concur.