ST. LOUIS & S. F. R Co. v. WILLIAMS *et al.*

No. 774.   Opinion Filed February 18, 1910.

(107 Pac. 428.)

1.   CORPORATION COMMISSION—Orders—Conformity to Pleading.   Though a petition may be filed with the Corporation Commission for the regulation of interstate commerce, yet, if the order made thereon has not the effect to interfere with such commerce, it has jurisdiction to enter same; its jurisdiction not depending upon any special form of pleadings, and the test being, not the relief prayed for, but that granted.

2.   CORPORATION COMMISSION — Orders—Effect of partial Invalidity.   Where the order is separable, and a part is without error, the other part being erroneous. the former part will be affirmed and the latter reversed.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

Proceedings by J. J. Williams and others against the St. Louis & San Francisco Railroad Company before the Corporation Commission. From the order rendered, defendant appeals. Affirmed in part, and reversed in part.

On the 27th day of January, 1908, the appellees, J. J. Williams, R. A. Billups, and J. J. McCurley, filed their complaint with the Corporation Commission, alleging: That they were residents of Washita and Custer counties and were interested and affected by lack of adequate train service on the Enid-Vernon Division of said railroad and proper facilities at its station in the city of Cordell. That said appellant operated a line of railway between Tulsa, Okla., and Vernon, Tex., a distance of over 200 miles, traversing one of the most fertile and populous sections of the state. That it operated but one through train from Tulsa to Vernon, which was inadequate to serve the traveling public. That it refused to make proper connections with the Chicago, Rock Island & Pacific Railway Company at Clinton, and therefore greatly inconvenienced the traveling public. That its depot at Cordell is far removed from the center of population of said city, and that it refused to install a telephone therein for the convenience of the public. The complainants pray that the defendant company be required to ."operate two passenger trains from Enid, Okla., to Vernon, Tex., * * * requiring said trains to make connections with the Chicago, Rock Island & Pacific Railway Company at Clinton, Okla., both east and west with both of said trains, and also to install a telephone in the depot at Cordell, Okla., and for such other and further order as the commission may deem necessary and just in the premises." Afterwards J. C. Fisher and others, of Okeene, on said line, joined in said petition, asking that appellant be required to establish additional passenger service on its line between Enid and Clinton. Notice was duly served on the appellant. A hearing was had on February 9, 1908, the appellees being represented by R. A. Billups, Esq., and the appellant by J. E. Hutchinson, general superintendent. A motion was made for continuance, but the case was closed that day. On the 6th day of March, 1908, the order was entered.

On the 13th day of March, the appellant filed his motion for new trial on the ground (1) of irregularity in proceedings by which it was prevented from having a fair trial, and (2) because

said order and every part thereof is not sustained by sufficient evidence, and (3) because it is contrary to law, and (4) because of errors of law growing out of the trial, excepted to by the defendant, and (5) because the order, and each part thereof, is unjust and unreasonable, and (6) because said order is in violation of the Constitution of. the United States. which provides that no man's property may be taken without due process of law, and (7) because said order and each part thereof is in violation of the provisions of the Constitution of the United States which provides that no person's property may be taken without just compensation. On the 15th day of March, 1908, the motion for new trial was overruled; exceptions being saved. The defendant was given time to make and serve case-made and to file *supersedeas* or suspension bond, which was accordingly done, and this order is now properly before this court on appeal from the Corporation Commission for review.

*W. F. Evans, R. A. Kleinschmidt, and A. G. C. Bierer,* for appellant.—Citing: *Hanley v. K. C. Southern Ry. Co.,* 187 U. S. 617; *Milk Producers, etc., Assn. v. Railroad Co.,* 7 I. C. C. Rep. 92; *Gulf, C. & S. F. Ry. Co. v. State,* 23 Okla. 524; *Chicago, M. & St. P. Ry. Co. v. Minnesota,* 134 U. S. 418.

*G. A. Henshaw,* Asst. Atty. Gen., and *R. A. Billups,* for appellee.—Citing: *Interstate Com. Com. v. Baird,* 194 U. S. 25; *Nollenberger v. Railway Co.,* 15 I. C. C. Rep. 595; *Crane R. Co. v. P. & R. R. Co.,* 15 I. C. C. Rep. 253; *Logan v. Postal T. & C. Co.,* 157 Fed. 570; *Atlantic C. L. R. Co. v. Wharton,* 207 U. S. 328; *Lake Shore & M. S. R. Co. v. Ohio,* 173 U. S. 285; *Hennington v. Georgia,* 163 U. S. 299.

WILLIAMS, J. (after stating the facts as above). The following questions are raised on this record: (1) The main petition having asked for an additional train to be installed by appellant and operated between the points of Tulsa, Okla., and Vernon, Tex., which would be an interstate train, has the Corporation Commission jurisdiction on said hearing to order an intrastate train to

be installed? (2) Is said order, sustained by the evidence in the record, supported by its *prima facie* presumption to such an extent that we cannot say that it is unjust and unreasonable?

Section 18, art. 9, Const. (section 234, Bunn's Ed.), provides as follows:

"Before the commission shall prescribe or fix any rate, charge or classification of traffic, and before it shall make any order, rule, regulation, or requirement directed against any one or more companies by name, the company or companies to be affected by such rate, charge, classification, order, rule, regulations, or requirement, shall first be given, by the commission, at least ten days' notice of the time and place when and where the contemplated action in the premises will be considered and disposed of, and shall be afforded a reasonable opportunity to introduce evidence and to be heard thereon, to the end that justice may be done. * * *"

The Corporation Commission, by virtue of the provisions of article 9 of the Constitution, is invested with extraordinary powers, being authorized to exercise not only legislative, but also executive, administrative, and judicial, powers. Section 22 (section 234, Bunn's Ed.) of said article provides:

"In no case of appeal from the commission, shall any new or additional evidence be introduced in the Supreme Court; but the chairman of the commission, under the seal of the commission, shall certify to the Supreme Court all the facts upon which the action appealed from was based and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by, the commission as may be selected, specified, and required to be certified, by any party in interest, as well as such other evidence, so introduced or considered as the commission may deem proper to certify. The commission shall, whenever an appeal is taken therefrom, file with the record of the case, and as a part thereof, a written statement of the reasons upon which the action appealed from was based, and such statement shall be read and considered by the Supreme Court, upon disposing of the appeal."

Section 5939, Comp. Laws Okla. 1909 (section 4308, St. Okla. 1893), provides that the record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, ver-

dicts, orders, judgments, and all material acts and proceedings of the court, etc.  Whether we look to the term record from the statutes of Oklahoma, which when not repugnant to the provisions of the Constitution, or locally inapplicable, were continued in force by the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267) and section 2 of the schedule, or to the procedure in Virginia from which this provision was transplanted, the result is the same.  Section 156, art. 12, Const. 1902.  In that state, the record is the pleading on either side, the usual impaneling of the jury, the verdict, and judgment.  *Magarity v. Shipman,* 82 Va. 806, 7 S. E. 381.

"If the opinion of the trial judge is referred to in the decree reciting the cause, it also becomes a part of the record." (*Todd v. Sykes,* 97 Va. 143, 33 S. E. 517.)

Except as modified by section 22, *supra,* section 5939 applies. *Atchison, Topeka & Santa Fe Ry. Co. v. Love,* 23 Okla. 192, 99 Pac. 1081; *K. C. S. Ry Co. v. Love,* 23 Okla. 224, 100 Pac. 22.

Though it may be necessary for the commission to make and preserve a record, it does not follow that a strict or narrow rule as to procedure shall prevail as in trials at common law.  *Interstate Commerce Com. v. Baird,* 194 U. S. 25, 24 Sup. Ct. 563, 48 L. Ed. 860.  The fact that the petition may have asked for the regulation of interstate commerce, yet if the order of the Corporation Commission made thereon did not interfere with interstate commerce, the commission had jurisdiction to enter same.  Its jurisdiction does not depend upon any special form of pleading, the test being, not the relief prayed for, but that granted.  In fact, it is not essential for any petition to be filed, but that notice shall be had. Such notice as prescribed by section 18 of article 9 of the Constitution being that the particular carrier or carriers or parties to be affected might have adequate opportunity to defend, and the fact that the petition called for the installing of an interstate train, after notice and hearing thereon and an order entered for the installing of an intrastate train, if it could be made to appear that this was prejudicial to the appellant, in that it

was misled, and not having prepared for a hearing on the issue as to an intrastate train, but as to an interstate train, in that event the appellant would have just right to complain. No such contention was made at the hearing before the commission or suggested here.

The appellant further complains that it was entitled to a continuance, and that the refusal of the same was an abuse of the commission's discretion and prejudicial to its rights. In order to have a reversal of the action of the commission in this respect, as no proper showing was made for a continuance at the time of the hearing, there should have been an affirmative and further showing by motion for the reopening of this case in order that it might defend. Whilst a motion for a new trial is not required in order to have the action of the commission reviewed by this court, yet if, within proper time after this order had been made, a motion had been filed before the commission setting forth facts showing that this order was unreasonable and unjust, and that it did not have sufficient notice in which to meet the issue on which the order was entered, and that if it had been granted a continuance such defense would have been made, then the appellant would be in a position to complain here of the commission's action overruling the motion for a continuance of closing the case. The motion for new trial filed in this case does not set up any affirmative fact to show that it was prejudiced in not being granted a continuance.

The finding and order of the commission is as follows:

"The commission finds from the evidence that the defendant operates a line of railroad from Enid, Okla., to Vernon, Tex., which is a part of its through line from Tulso to Vernon, Tex. That it is about 203 miles from Enid to Vernon, and 191 miles from Enid to the state line between Texas and Oklahoma. That the last station in Oklahoma, going in the direction of Vernon, is Davidson, about 2 1-2 miles from the state line. The commission further finds that this railroad traverses a highly developed agricultural country almost its entire distance, and passes through some of the best towns in Western Oklahoma. That the defendant operates only one passenger train daily each way over this line of the road, and that said passenger train does not give adequate and sufficient

passenger service. That the trains are badly crowded, and upon many occasions passengers have to stand between stations. That south of Clinton to the state line the passenger train does not make connection at Clinton with the Rock Island train which passes through Clinton east and west. The commission further finds that the passenger equipment, including the coaches between Enid and Clinton, are of the older type of equipment, and are not at all times kept in a suitable condition for the reasonable convenience of the people. The commission further finds from the evidence that the passenger service now furnished by the defendant between Enid and Thomas, Okla., or the state line, is inadequate and insufficient for the reasonable necessities and conveniences of the traveling public. It further finds that the defendant should operate a train so as to make connection at Clinton with the main through line of the Rock Island Railway east and west, inasmuch as this road leads to Oklahoma City, one of the commercial centers of the state; also Shawnee and McAlester, two other large commercial towns, and for this reason the service is inadequate in that respect.

"The commission is of the opinion that the defendant should operate daily service from Enid to Davidson, Okla. That said service should be so arranged as to make connections at junction points as nearly as practicable. This line crosses the branch of its road at Snyder, running from Quanah, Tex., via Lawton, to Oklahoma City, intersects with a branch of the Rock Island at Hobart, running from Chickasha to Mangum, and intersects with a branch of the Rock Island at Darrow, and also Okeene in the north part of Blaine County. The last mentioned junctions do not appear to be of such importance as the others. The junction at Snyder and Hobart are with branch lines, and connection with these lines could possibly be more easily adjusted by the branch line changing its schedule. The junction at Clinton is with a main through line of the Rock Island, which is more difficult to adjust than connections, at junctions with branch lines. Without discussing these various connections, the defendant should so operate its trains as to make connection at junction points with main through lines where it is practicable so to do, and these trains could certainly be operated so to make connections at Clinton with the Rock Island east trains. It appears that the west-bound connections can be made with a slight adjustment of the schedule of the train now operated.

"The other complaint in this case is that the defendant neglects and refuses to install telephone in depot at the town of Cordell. The commission finds that Cordell is a town containing about 3,000 people, and has a good telephone system. That the depot is situated probably more than one-fourth of a mile from the business portion of the town, and that the service, in this particular, is inadequate and insufficient for the reasonable necessities of the citizens of Cordell. This commission has heretofore held that a telephone in a station, where a telephone exchange is maintained in a town, is a necessary part of the equipment of the depot, and in the case of the *A., T. & S. F. Ry. Co. v. Citizens of Skedee et al.,* 23 Okla. 210, the Supreme Court of this state affirmed the order of the commission, and held that the requiring of the Santa Fe Railway to maintain a telephone in the depot at Skedee was not an unreasonable order. The reason for maintaining a telephone in the depot at Cordell is more apparent than at Skedee. The commission is of the opinion that the defendant should be required to establish and maintain a telephone in the depot at Cordell for such purposes as a telephone is usually used in a depot.

"It is therefore ordered that the defendant operate a passenger train, leaving Enid each day in the morning at such time as to arrive at Clinton to make connection with the 10:50 a. m. west bound train on the Rock Island, and also shall operate an additional passenger train daily, leaving Davidson, Okla., at such time in the afternoon so as to arrive at Clinton at such time as may be necessary to make connection with the 7:35 p. m. east-bound Rock Island train. That the schedule of the train known as No. 609, leaving Enid at 12:45 p. m., shall be so adjusted as to make connection at Clinton with the westbound train on·the Rock Island due at Clinton at 5:10 p. m. That the schedule of train known as 610 leaving Davidson at 5:58 a. m. should be so adjusted that this train shall arrive at Clinton in time to make connection with the Rock Island eastbound train due to leave Clinton at 9 a. m. That these trains shall be operated daily between Enid and Davidson, Okla., That the additional trains herein ordered and the schedule adjusted shall be put in operation by the 21st day of March, 1909. It is further ordered by the commission that the said defendant shall install and maintain a telephone in its .station at Cordell, as a part of the station equipment necessary for the transaction of the company's business in its relation to the

public.   That this telephone shall be installed by the 21st day of March, 1909."

Not a scintilla of evidence appears in the record that Enid is about 203 miles by rail from the Oklahoma-Texas state line, or that the last station going in the direction of Vernon is Davidson. This court will take judicial knowledge of the town of Davidson, but not of the railroad station of that name, or that it is the only railway station on that line between that point and the Texas state line. This court, as well as the Corporation Commission, takes judicial knowledge of the population of the counties, towns, and cities located in such counties traversed by this railroad as shown by the special federal census of July 1, 1907, especially after its adoption by an act of the Legislature.   See chapter 9, art. 1, p. 165, Sess. Laws Okla. 1907-08.   In connection with the census and the evidence in the record, the finding of the commission that "the railroad traverses a highly developed agricultural country almost its entire distance and passes through some of the best towns in western Oklahoma" seems to be sustained.

As to the finding that the defendant operates only one passenger train daily each way over this line of road and that this passenger train does not give to the people adequate and sufficient railroad service; that the trains are badly crowded, and upon many occasions passengers have to stand between stations; that south of Clinton to the state line the passenger train does not make connection at Clinton with the Rock Island train which passes through Clinton east and west; that the passenger equipment, including the coaches, between Enid and Clinton, are of the older type of equipment, and are not, at all times, kept in a suitable condition for the reasonable convenience of the people; that the passenger service now furnished by the defendant between Enid and Thomas, Okla., or the state line, is inadequate and insufficient for the reasonable necessities and conveniences of the traveling public—they are sustained by some evidence which is uncontroverted, and, in view of the *prima facie* presumption in favor of its correctness, en-

joined by section 22, art. 9, of the Constitution, this court is not permitted on review in this proceeding to disturb the same.

As to the finding that the defendant should operate a train so as to make connection at Clinton with the main through line of the Rock Island Railway east and west, inasmuch as this road leads to Oklahoma City, one of the commercial centers. of the state, also Shawnee and McAlester, two other large commercial towns, and for this reason the service is inadequate in that respect. in some respects they are not sustained by the evidence. As to the population of Shawnee and McAlester, it was permissible for the commission to look to the census for the same; no evidence having been offered as to such population. There is no evidence whatever in the record relative to their commercial interests or size. We do not take judicial knowledge of the same, nor did the Corporation Commission. If a finding was thought necessary by the commission thereon, it should have had evidence introduced relative thereto, as was done as to Oklahoma City. No evidence appears in the record, showing the schedule of the trains running daily over the Rock Island through Clinton, east and west, nor as to the train running over the line of the appellant north and south daily from Enid to Clinton, Hobart, and Davidson. We take judicial knowledge that Enid, Arapaho, Cordell, and Hobart are county seats respectively of Garfield, Custer, Washita, and Kiowa counties, points touched by the railroad of the appellants.

The order requiring a telephone to be installed in the station at Cordell is not assigned as error; the statement having been made in the oral argument that it had been complied with. Therefore, as to that portion of the order relative to the installing of the telephone, it will be affirmed.

The order directs that the schedule of the train known as No. 609, leaving Enid at 12:45 p. m., shall be so adjusted as to make connection at Clinton with the west-bound train on the Rock Island due at Clinton at 5:10 p. m.; that the schedule of train known as No. 610, leaving Davidson at 5:58 a. m., should be so adjusted that this train shall arrive at Clinton in time to make

connection with the Rock Island east-bound train due to leave Clinton at 9 a. m.; that these trains shall be operated daily between Enid and Davidson, Okla. There is not a scintilla of evidence in the record that train No. 609, according to schedule, has been leaving Enid at 12:45 p. m., or that the west-bound train on the Rock Island was due at Clinton at 5:10 p. m., or that train No. 610 has been leaving Davidson at 5:58 a. m., or that the Rock Island east-bound train was due to leave Clinton at 9 a. m. These recitals in the order are absolutely without a scintilla of evidence for support. These two trains are evidently interstate trains traversing the appellant's railway from Enid, Okla., to Vernon, Tex., and there is no evidence in this record showing, if it were permissible, why the State Corporation Commission should require the change of the schedule of this interstate train, the schedule of which as an interstate train has been made with a view of making connection with interstate points such as Vernon, Tex., and the trains leaving Enid, for Kansas City and other points. That portion of the order relating to the interstate trains Nos. 609 and 610, under this record, should be set aside.

Section 20, art. 9, Const., provides that:

"Until otherwise provided by law, such appeal shall be taken in the manner in which appeals may be taken to the Supreme Court from the district courts, except that such an appeal shall be of right, and the Supreme Court may provide by rule for proceedings in the matter of appeals in any particular in which the existing rules of law are inapplicable."

And section 22 of the same article provides what shall constitute the record and the certifying up of the same.

Section 6085, Comp. Laws Okla. 1909 (St. 1893, § 4455; Wilson's Rev. & Ann St. 1903, § 4751), provides that:

"When a judgment or final order shall be reversed, either in whole or in part, in the district court or Supreme Court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

None of the provisions of article 9 appear to be in conflict

with section 6085, *supra.* The judgment of the Corporation Commission is, accordingly, affirmed wherein it requires a passenger train. to be installed to be operated daily each way from Enid to Davidson, being in addition to the train already operated from Enid to Vernon, Tex., and intervening points, which will, including the train from Enid to Vernon, constitute two trains daily each way between Davidson and Enid. But that part of the order changing the schedule of trains Nos. 609 and 610 is reversed.

The judgment is, accordingly, affirmed in part and reversed in part.

All the Justices concur.