PIONEER TELEPHONE & TELEGRAPH CO. v. WESTENHAVER *et al.*

No. 503.    Opinion Filed February 9, 1909.

(99 Pac. 1019.)

1. CORPORATION COMMISSION—Telegraphs and Telephones—Regulation of Rates—Appeals—Procedure. By section 22 of article 9 of the Constitution (Bunn's Ed. sec. 234), it is made the duty of the State Corporation Commission, upon hearing a petition for an order to reduce the rates charged by a telephone company for services on its local exchange, to make finding of facts upon which the order of the commission is based, and, on appeal to the Supreme Court from such order, to certify the facts found by it to the Supreme Court.

2. SAME—Remand. When the Corporation Commission upon making an order prescribing the rates which a telephone company may charge for services on its exchange fails to make a finding of facts and to certify the same to the Supreme Court on appeal from its order, the Supreme Court may under said section of the Constitution remand the case to the commission, with directions to find the facts upon which the commission bases its order, and to certify the same to the court, before the appeal is finally decided.

(Syllabus by the Court.)

*Appeal from Order of State Corporation Commission.*

From an order of E. H. Westenhaver and others, State Corporation Commission, and the state of Oklahoma, prescribing rates,

the Pioneer Telephone & Telegraph Company appeals. Remanded, with directions.

*Henry E. Asp, S. H. Harris* and *Hunt Chipley*, for appellant.
*Chas. West, Atty. Gen.*, and *Geo. A. Henshaw*, Asst. Atty. Gen., for appellees.

HAYES, J.   This is an appeal from an order of the State Corporation Commission, prescribing the rates which the appellant shall be permitted to charge for telephone service in the city of Enid.   Appellant, the Pioneer Telephone & Telegraph Company, is a corporation, and is now and had been for some time prior to November 1, 1907, engaged in maintaining and operating a telephone exchange in the city of Enid, and had charged for the services rendered by it to the public the following schedule of rates: For business wall telephone, $2; for desk telephone, $2.50; residence individual telephone, $1.50; residence, two-party line telephone $1.25; residence, four-party line telephone, $1.   On November 1, 1907, the company promulgated a new schedule of rates by which all its rates of charges were advanced.   Appellees on February 4, 1908, filed with the Corporation Commission their petition, praying for an order of the commission restoring the rates of the telephone company to their former schedule.   After the hearing on the petition, the commission made an order fixing the rates that appellant may charge for its said services, as follows: For business and office telephone, $2; for residence telephone $1.50; for two-party line telephone, $1; for three or more party line telephone, $.75.   Appellant complains on this appeal that the order of the commission is not supported by the evidence; that the rates prescribed by said order take its property for public purposes without compensation, and is violative of section 24, of article 2 of the Constitution (Bunn's Ed. § 33) of this state, and is violative of the fifth amendment to the Constitution of the United States, and that said order takes its property without due process of law, and in violation of section 7 of article 2 of the Constitution of the state, and in violation of the fourteenth

amendment to the Constitution of the United States. The record in the case certified by the commission to this court is voluminous and contains about 500 typewritten pages of evidence; but it does not contain the facts upon which the commission made its order.

Section 22 of article 9 of the Constitution (section 234, Bunn's Ed.) provides that on appeal from the commission to this court the chairman of the commission under his seal shall certify to this court all the facts upon which the action appealed from was based and which may be essential to a proper decision on appeal, together with such of the evidence introduced before or considered by the commission as may be selected specified and required to be certified by any party in interest, as well as such other evidence introduced or considered as the commission may deem proper to certify. All the evidence introduced at the hearing before the commission has been certified to this court by it, but we do not think that the requirements of this section of the Constitution are complied with by certifying alone all the evidence introduced before the commission. To so hold would clearly result in giving no meaning to that portion of the section which states that the chairman of the commission shall certify under seal all the facts upon which the order appealed from is based. It is true that neither this section nor any other section of the Constitution in specific language states that the commission shall make a finding of facts, but this to our mind is clearly contemplated by the language of this section, requiring the commission to certify all the facts upon which its order is based; for how could the commission certify the facts without first finding them? This court with all the evidence in the record now before it might proceed to find the facts, and then applying the law to facts found, determine whether the order of the commission is reasonable and just, but this is not the procedure contemplated by the provisions of the Constitution. The findings of fact by the commission is not conclusive upon this court, but it is highly persuasive. If the facts found by the commission were set out in the record in this case, there might be no difference between coun-

sel as to the facts, and their contention be reduced to questions of law.

In order to pass upon the questions presented to this court by this appeal, it is necessary to know the value of the property employed by appellant in its exchange at Enid, the expense of operating said exchange, the amount of expenditures required to keep it in repair, and the depreciation, if any, in the property of the company, and the income or probable income which the company will receive from the rates fixed by the commission. These facts may have been found by the commission before making the order appealed from, but they do not appear in the record, and they are necessary to the consideration by this court of the questions involved in the appeal. The same section of the Constitution above referred to provides that the order of the commission appealed from shall be regarded as *prima facie* just, reasonable, and correct, but the court may, when it deems it necessary in the interest of justice, remand to the commission any case pending on appeal, and require the same to be further investigated by the commission and reported upon to the court before the appeal is finally decided. If the commission made no finding of facts upon which it based its order, it should have done so; and, if it did make such finding of facts, the same should be before this court to aid and advise it in its consideration of the case an appeal.

Section 23 of the same article of the Constitution (section 236, Bunn's Ed.) provides that, whenever this court shall reverse an order of the commission affecting the rates, charges, or the classifications of traffic of any transportation or transmission company, it shall at the same time substitute therefor such orders as in its opinion the commission should have made at the time of entering the order appealed from. This court is without power to reverse and set aside the order of the commission fixing the rates appellant may charge, unless the court shall at the same time substitute such order upon the subject as in its opinion the commission should have made upon the hearing before it . The evidence in this case discloses that there are now about 1,300 tele-

phones in use in the city of Enid on which appellant receives payments for service, but they are not all of the same class, and the charges therefor are different. It therefore will be important to this court, if upon the final consideration of this case it is found that the order of the commission is not reasonable and just, to know what proportion of these telephones belong to the respective, classes. The rates of charges for different classes of telephones are not the same, and the advances in rates which appellant contends are necessary in order to enable it to earn a reasonable profit on its investment are not uniform. For instance, it is contended by the telephone company that it must be permitted to charge a rate on its business telephones greater by 33 1/3 per cent. than that fixed by the order of the commission, while on other classes it asks an advance of only 20 per cent. in excess of the rates fixed by the order of the commission. In order for this court to intelligently substitute an order in lieu of the order of the commission, if it should be finally decided that such is necessary, it would be necessary for this court to know the number or approximately the number of telephones of these respective classes in use in the city of Enid.

The case is therefore remanded to the commission, with instructions to make such investigation of the evidence now in the record or that may be tendered before the commission by any party in interest as may be necessary to make a finding of facts in conformity with the suggestions of this opinion, and, when done, to certify to this court within 30 days from this date such facts and such additional evidence, if any is tendered before the commission.

All the Justices concur.