### KANSAS CITY, M. & O. RY. Co. *et al.* v. STATE.

No. 772.    Opinion Filed October 20, 1909.

(104 Pac. 1091.)

**RAILROAD RATES—Regulation by Corporation Commission.** Syllabus same as in Midland Valley Railroad Co. et al. v. State, No. 736, decided at this term, ante, p. 817, 104 Pac. 1086.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by the State against the Kansas City, Mexico & Orient Railway Company and others. From an order fixing the freight rates, the Kansas City, Mexico & Orient Railway Company and others appeal. Remanded with directions.

On the 27th day of April, 1908, the Corporation Commission commenced this proceeding against the Kansas City, Mexico & Orient Railway Company, the Midland Valley Railroad Company, the Missouri, Kansas & Texas Railway Company, the Atchison, Topeka & Santa Fe Railway Company, the Gulf, Colorado & Santa Fe Railway Company, the Chicago, Rock Island & Pacific Railway Company, the St. Louis & San Francisco Railroad Company, the St. Louis, Iron Mountain & Southern Railway Company, the Kansas City Southern Railway Company, the Ft. Smith & Western Railway Company, the St. Louis, El Reno & Western Railway Company, the Oklahoma Central Railroad Company and Asa E. Ramsey as receiver thereof, and the Missouri, Oklahoma & Gulf Railroad Company, by causing to be published in the Guthrie Daily Leader, a daily paper published in Guthrie, Logan county, Okla., a notice of the proposed order No. 25, fixing intrastate rates on vegetables, fruits, berries, canned goods,

etc., and thereafter, on the 22d day of June, 1908, pursuant to such notice, which was in due form, the hearing thereon having been regularly continued from time to time, final order No. 63 was made and entered. Thereafter, on, to wit, the 15th day of March, A. D. 1909, within one year from the date on which said final order No. 63 was made and entered, the appellants herein duly presented to the chairman of the Corporation Commission their request in writing that the said chairman certify to the Supreme Court all the evidence had in said cause, and all the facts and reasons upon which said order No. 63 was based, and thereupon the chairman of the said commission refused to grant the request of the appellants and failed to make the certification requested by them, to which action of the commission the appellants duly excepted. On the 16th day of March, 1909, the appellants made application to this court, praying for writ of mandamus, directing the chairman of said commission to make certification of facts, etc., requested by said appellants on March 15, 1909, which application was granted. On September 11, 1909, the appellee, through its attorney, G. A. Henshaw, Assistant Attorney General, moved in this court to dismiss said appeal on the following grounds: (1) That, as disclosed by the record in this case, this order was agreed to by the appellants, and there were no objections fiiled by any of the appellants herein. (2) That because of the agreement above mentioned no finding of facts was made by the commission, but an order was made in pursuance with said agreement. That the certificate by the acting chairman is as follows:

"That no finding of facts was made in this case, but the shippers and the railroad companies agreed upon the rates promulgated herein, after having a conference, and the evidence taken before the commission was for the purpose of explaining this conference agreement, to which none of the railroads made any objections as to the reasonableness of rates."

*S. T. Bledsoe, C. O. Blake, Clifford L. Jackson* and *Edgar A. De Meules,* for appellants.

*George A. Henshaw,* Asst. Atty. Gen., for the State.

WILLIAMS, J. (after stating the facts as above). This case in all respects is controlled by that of *Midland Valley R. R. Co. et al., Appellants, v. State, Appellee,* (decided at this term), *ante,* p. 817, 104 Pac. 1086.

The motion to dismiss is accordingly overruled, and the case remanded to the commission, with instructions to make finding of facts on all evidence now in the record, or that may be tendered by any party in interest to the commission, when competent and proper in the premises, and then certify the facts found and the additional evidence, with the reasons 'for making the order, to this court within 90 days from this date.

All the Justices concur.