MIDLAND VALLEY R. Co. *et al.* v. STATE.

No. 736.    Opinion Filed October 20, 1909.

(104 Pac. 1086.)

CARRIERS—Corporation Commission—Fixing Freight Rates—Findings of Fact—Appeal. By section 22, art. 9, of the Constitution (Bunn's Ed. Section 234), it becomes the duty of the Corporation Commission, upon hearing an order proposed to fix the rates to be charged by a railway company for services for hauling intrastate shipments, to make finding of facts upon which the order of the commission is based, and on an appeal from such order, to certify the facts so found by it to this court.

(a) When the Corporation Commission, in making an order fixing rates which a railway company may charge for hauling intrastate freight, fails to make a finding of facts, and to certify same to the Supreme Court on appeal from such order, such court may, under said section of the Constitution, remand the case to the commission, with directions to find the facts upon which the commission based its order, and to certify same to the court before the appeal is finally decided.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceedings by the State against the Midland Valley Railroad Company, and others.  From the judgment defendants appeal.  Remanded for further investigation.

On the 5th day of February, 1908, the Corporation Commission commenced this proceeding against all railroads operat-

ing in the state of Oklahoma, by causing to be published in the Guthrie Leader, a daily newspaper of general circulation, published in Guthrie, Logan county, Okla., its proposed order No. 9, to cover intrastate rates on crude and refined petroleum, etc. Thereafter, on the 28th day of February, 1908, the appellants, the Midland Valley Railroad Company, the Missouri, Kansas & Texas Railroad Company, the Atchison, Topeka & Santa Fe Railway Company, the Gulf, Colorado & Santa Fe Railway Company, the Chicago, Rock Island & Pacific Railway Company, the St. Louis & San Francisco Railway Company, the Kansas City Southern Railway Company, the St. Louis, Iron Mountain & Southern Railway Company, the St. Louis, Ft. Smith & Western Railway Company, the El Reno & Western Railway Company, the Kansas City, Mexico & Orient Railway Company, the Oklahoma Central Railroad Company and Asa E. Ramsey as receiver thereof, and the Missouri, Oklahoma & Gulf Railroad Company, each and all appeared specially and objected on the grounds: (1) That the proposed rate on oil was unreasonably low, and would not afford sufficient recompense for the service required. (2) That the rates on oil now in effect in Kansas and Texas were unreasonably low, and do not afford a fair margin of profit, if any, for the service rendered. (3) That the reduction at this time would work a peculiar hardship on railroads, in view of the fact that the general volume of business has largely decreased and earnings have suffered proportionately, while it has been impossible to reduce the expenses of operation to accord with the decrease in gross earnings.

Thereupon a hearing was had on said proposed order, O. M. Conley, Henry Wilmering, George A. Todd, and William Jervis being examined as witnesses. Thereafter, on the 31st day of March, A. D. 1908, the proposed order was made and entered as final order No. 36. On the 15th day of March, 1909, the appellants presented to the chairman of the Corporation Commission a request in writing that he certify to the Supreme Court of this state all the evidence introduced or considered by said commission in rendering said final order No. 36, and also a

written statement, giving the reasons upon which said order was based. Thereupon the chairman of said commission refused to make said certificate, and thereafter the Supreme Court of the state, on proper application, directed the certification of such record in accordance with section 22, art. 9, of the Constitution, and the same was certified to on the 30th day of March, A. D. 1909. On the 11th day of September, A. D. 1909, the attorney for the appellee moved this court to dismiss this appeal for the reasons:

"(1) That the order appealed from was promulgated by the commission, as shown by the record, on March 31, 1908. (2) That the application of the appellants, requesting that the commission certify to this court a copy of all the proceedings, including commission's findings of fact, was made on the 15th day of March, 1909, 11 months and 15 days after the issuance of said order; that the commission was not required by law to, and did not, keep any record of its findings of fact upon which this order was based. (3) That the record filed in this court by the appellants does not contain a finding of fact, and the certificate thereof, signed by A. P. Watson, acting chairman, recited the following reasons: 'That the office is not in possession of the findings of facts by the commission; that the same cannot be certified to this court.' That it was the duty of the appellants to take such steps as were necessary to preserve the record in this case, if they desired to have the same certified to the Supreme Court."

S. T. Bledsoe, Clifford L. Jackson, C. O. Blake, and Edgar A. De Meules, for appellants.

G. A. Henshaw, Asst. Atty. Gen., for the State.

Williams, J. (after stating the facts as above). In the case of Atchison, Topeka & Santa Fe Ry. Co. v. Love, 23 Okla. 192, 99 Pac. 1081, this court held:

"At any time within 12 months from the date a final order is made by the Corporation Commission, any proper party, feeling aggrieved, may prosecute an appeal therefrom, by making application to the chairman of said commission for him, under the seal of said commission, to certify to this court all the facts upon which the action appealed from was based, and which may

be essential for the proper decision of the appeal, together with such evidence introduced before or considered by the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence so introduced or considered as the commission may deem proper, and also a written statement of the reasons upon which the action sought to be appealed from is based, to be filed with the record of the case, which will constitute the record for review in this court."

See, also, *Kansas City Southern Ry. Co. v. Love et al.,* 23 Okla. 224, 100 Pac. 22, to the same effect.

Under the rule laid down in these cases, the appeal in the case at bar was in due time. In the case of *Pioneer Telephone & Telegraph Co. v. Westenhaver et al.,* 23 Okla. 226, 99 Pac. 1019, it was held:

. "By section 22 of article 9 of the Constitution (Bunn's Ed. §234), it is made the duty of the State Corporation Commission, upon hearing a petition for an order to reduce the rates charged by a telephone company for services on its local exchange, to make finding of facts upon which the order of the commission is based, and, on appeal to the Supreme Court from such order, to certify the facts found by it to the Supreme Court."

It was the duty of the commission to make the finding of facts upon which this order is based, and, having failed so to do, it cannot be permitted for that reason to have this court dismiss this appeal, and the motion is accordingly overruled.

In order to prescribe fixed charges for freight on such lines, it is necessary, first, for the commission to determine, by hearing evidence, the values of the property of each of said railway companies within the state, and also the entire earnings within the state, both interstate and intrastate, freight, passenger, and miscellaneous, of such roads, and also the entire expense of operation, including that for necessary repairs, etc. In addition, such earnings should return an amount in excess of such expenses, etc., sufficient to yield upon the actual value of the property a reasonable dividend. *Wilcox v. Consolidated Gas Co.,* 212 U. S. 41, 29 Sup. Ct. 192; *Knoxville v. Water Co.,* 212 U. S. 1, 29 Sup. Ct. 148; *San Diego Land & Town Co. v. National City,* 174 U. S. 739, 19 Sup. Ct. 804, 43 L. Ed. 1154; *San Diego Land & Town*

*Co. v. Jasper,* 189 U. S. 439, 23 Sup. Ct. 571, 47 L. Ed. 892. In the case of *Pioneer Telephone & Telegraph Co. v. Westenhaver et al., supra,* the court said:

"The same section of the Constitution above referred to provides that the order of the commission, appealed from, shall be regarded as *prima facie* just, reasonable, and correct; but the court may, when it deems it necessary in the interest of justice, remand to the commission any case pending on appeal, and require the same to be further investigated by the commission and reported upon to the court before the appeal is finally decided. If the commission made no finding of facts upon which it based its order, it should have done so; and, if it did make such finding of facts, the same should be before this court, to aid and advise it in its consideration of the case on appeal. Section 23 of the same article of the Constitution (section 236, Bunn's Ed.) provides that, whenever this court shall reverse an order of the commission affecting the rates, charges, or the classification of traffic of any transportation or transmission company, it shall at the same time substitute therefor such orders as in its opinion the commission should have made at the time of entering the order appealed from."

If this court should reverse and set aside the order of the commission fixing the rates appellant may charge, it then and there becomes the duty of the court at the same time to substitute such order upon the subject as in its opinion the commission should have made upon the hearing before it, and the necessary facts upon which to fix rates should accordingly be before this court. These facts may have been found by the commission on the hearing before the making of said order, but do not appear in the record; and they must be before this court for the consideration of the questions raised on appeal. It is accordingly necessary that evidence should be heard on all the issues upon which the facts necessary to justify the order are found.

This case is therefore remanded to the commission, with instructions to proceed, in accordance with this opinion, to make such investigation of the evidence in the record, or any further evidence that may be tendered before the commission by any party

interested, as is necessary to make a finding of facts, and, when this is done, to certify same to this court within 90 days.

All the Justices concur.