ST. LOUIS & S. F. R. Co. *et al.* v. STATE.

No. 767.     Opinion Filed October 20, 1909.

(104 Pac. 1088.)

RAILROAD RATES—Regulation by Corporation Commisson. Syllabus same as in Midland Valley R. Co. et al. v. State, No. 736 decided at this term, ante, p. 817, 104 Pac. 1086.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by the State against the St. Louis & San Francisco Railroad Company and others. From an order fixing the freight rates, the St. Louis & San Francisco Railroad Company and others appeal. Remanded, with directions.

On the 10th day of September, A. D. 1908, the Corporation Commission commenced this proceeding against the St. Louis & San Francisco Railroad Company, the Midland Valley Railroad Company, the Missouri, Kansas & Texas Railway Company, the Atchison, Topeka & Santa Fe Railway Company, the Gulf, Colorado & Santa Fe Railway Company, the Chicago, Rock Island & Pacific Railway Company, the St. Louis, Iron Mountain & Southern Railway Company, the Kansas City Southern Railway Company, the Ft. Smith & Western Railway Company, the Kansas City, Mexico & Orient Railway Company, the Oklahoma Central Railroad Company and Asa E. Ramsey as receiver

thereof, and the Missouri, Oklahoma & Gulf Railroad Company, by causing to be published in the Guthrie Leader, a daily paper published in Guthrie, Logan county Okla., a notice of the proposed order No. 34, and thereafter said cause was heard on the 10th day of November, A. D. 1908, and pursuant to such notice, which was in due form and published as prescribed by law, final order No. 115 was made and entered, fixing intrastate rates on cement, plaster, paving, roofing cement, brick, sawed stone, concrete blocks, etc. And thereafter on the 15th day of March, A. D. 1909, within one year from the date on which said final order was made and entered, the appellants herein duly presented to the chairman of the commission their request in writing for the certification to this court of all the evidence had in such cause and all the facts and reasons upon which said order was based, which was refused, and thereafter, in due time, application was made to this court for writ of mandamus requiring such certification, which was granted, and thereafter complied with. On the 11th day of September, A. D. 1909, the counsel for the appellee moved to dismiss this appeal on the grounds: (1) That the same was not taken in time. (2) That the application for the certification of the record, including the finding of facts, was not presented in time, and that the commission was not required by law to, and did not, keep any record of its finding of facts upon which the order was based. (3) That the record filed in this court by appellants does not contain a finding of facts of the appellants, and the certificate of the acting chairman of said commission recites the following reasons: "With the exception of finding of fact by the commission, which was not made of record, and is not now in the possession of the commission." (4) That it was the duty of the appellants to take such steps to preserve such record, if they desired to appeal.

*S. T. Bledsoe, C. O. Blake, Clifford L. Jackson,* and *Edgar A. De Meules,* for appellants.

*Geo. A. Henshaw,* Asst. Atty. Gen., for the State.

WILLIAMS, J. (after stating the facts as above). This case is controlled by the facts, as well as the law declared by this court, in the case of *Midland Valley R. Co. v. State,* No. 736, decided at this term, *ante,* p. 817, 104 Pac. 1086.

The motion to dismiss is accordingly overruled, and the case remanded to the commission, with instructions to make finding of facts on all evidence contained in the record, or that may be tendered by any party in interest to the commission, when competent and proper in the premises, and then to certify the facts found and such additional evidence, with the reasons for making the order, to this court within 90 days from this date.

All the Justices concur.