## ST. LOUIS & S. F. R. Co. *et al.* v. STATE.

No. 768.    Opinion Filed October 20, 1909.

(104 Pac. 1087.)

**RAILROAD RATES—Regulation by Corporation Commission.** Syllabus same as in **Midland Valley Railroad Co. et al. v. State**, No. 736, decided at this term, **ante, p. 817, 104 Pac. 1086.**

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by the State against the St. Louis & San Francisco Railroad Company and others. From an order fixing the freight rates, the St. Louis & San Francisco Railroad Company and others appeal. Remanded, with directions.

On the 10th day of April, A. D. 1908, the Corporation Commission commenced this proceeding against the St. Louis & San Francisco Railroad Company, the Midland Valley Railroad Company, the Missouri, Kansas & Texas Railway Company, the Atchison, Topeka & Santa Fe Railway Company, the Gulf, Colorado & Santa Fe Railway Company, the Chicago, Rock Island & Pa-

cific Railway Company, the St. Louis, Iron Mountain & Southern Railway Company, the Kansas City Southern Railway Company, the Ft. Smith & Western Railway Company, the Kansas City, Mexico & Orient Railway Company, the Oklahoma Central Railroad Company and Asa E. Ramsey as receiver thereof, and the Missouri, Oklahoma & Gulf Railway Company, by causing to be published in the Guthrie Leader, a daily paper published in Guthrie, Logan county, Okla., a notice of the proposed order No. 23, and thereafter, on the 13th day of May, A. D. 1908, pursuant to such notice, which was in due form and published as required by law, hearing was had thereon, and the consideration thereof was continued to the 4th day of June, A. D. 1908, when final order No. 55, fixing intrastate rates on cement, lime, asphalt, brick, stone, gravel, and other articles, was made and entered. Thereafter, on the 15th day of March A. D. 1909, the appellants, the said railway companies, presented their written request to the chairman of the commission for the certification to this court of all the evidence considered by it in making and entering said order, and a written statement of the reasons upon which the same was based, which was refused, and thereafter in due time application was made to this court for writ of mandamus requiring said certification, which was granted, and complied with on the 3d day of April, A. D. 1909. Afterwards, on the 11th day of September, A. D. 1909, the counsel for the appellee moved this court to dismiss said appeal on the grounds: (1) That the appeal was neither taken nor application for the certification of the record made in due time. (2) That the record as certified does not contain a finding of facts, although the certificate of the acting chairman recites that such finding was not made of record by the commission, and therefore cannot be transmitted or certified to. (3) It was the duty of the appellants to preserve such record, in order to prosecute an appeal.

*S. T. Bledsoe, C. O. Blake, Clifford L. Jackson,* and *Edgar A. De Meules,* for appellants.

*Geo. A. Henshaw,* Asst. Atty. Gen., for the State.

WILLIAMS, J. (after stating the facts as above.) This case, both as to fact and law, is controlled by that of *Midland Valley R. Co. et al., Appellants, v. State of Oklahoma, Appellee,* decided at this term, *ante,* p. 817, 104 Pac. 1086.

The motion to dismiss the appeal is accordingly overruled, and the case remanded to the commission, with instructions to make finding of facts on all the evidence of record, or that may be tendered by any party in interest, when the same is competent and proper, the premises considered, and then to certify the facts as found, and such additional evidence, and the reasons upon which the order is based, to this court within 90 days from date hereof.

All the Justices concur.