## HINE v. WADLINGTON *et al.*

No. 1146.   Opinion Filed May 10, 1910.

(109 Pac. 301.)

1. **TELEGRAPHS AND TELEPHONES—Regulation—Power of Corporation Commission.**   The Corporation Commission of this state has the authority to supervise, regulate, and control a telephone company owned solely by an individual in all matters relating to the performance of its public duties and charges.

2. **TELEGRAPHS AND TELEPHONES — Regulation of Rates—Procedure—Charges.** Same as paragraphs 1 and 2 of the syllabus of **Pioneer Telephone & Telegraph Co. v. Westenhaver et al.,** 23 Okla. 226, 99 Pac. 1019.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Petition by B. C. Wadlington and others before the Corporation Commission to establish telephone rates of the Purcell & Lexington Telephone Company, owned by Lewis T. Hine. From an order establishing the rates, respondent appeals. Affirmed in part, and remanded in part, with instructions.

*J. W. Hocker,* for appellant.

WILLIAMS, J. On the 17th day of October, A. D. 1908, on petition of B. C. Wadlington, an order was entered by the Corporation Commission fixing and establishing the rates of charges for messages and rentals for phones per month in the city of Purcell, Okla., and on appeal from such order to this court the following questions are raised: (1) The Purcell & Lexington Telephone Company, being owned solely by Lewis T. Hine, an indi-

vidual, had the Corporation Commission of the state of Oklahoma jurisdiction?  (2)  . Does the evidence, in connection with the *prima facie* presumption in its favor, justify the order?

1.    Section 18 of article 9 of the Constitution of this state provides:

"The commission shall have the power and authority and be charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies. * * *"

Section 34 of the same article also provides :

"As used in this article, * * * the term 'transmission company' shall include any company, receiver, or other person, owning, leasing, or operating for hire any telegraph or telephone line; * * * the term 'person,' as used in this article, shall include individuals, partnerships and corporations, in the singular as well as plural. * * * *"

The only character of telephone line, whether owned by an individual, company, or corporation, excluded from the jurisdiction of the Corporation Commission is that not operated for hire.   No exemption is claimed by virtue of any franchise.

2.    In this order the Corporation Commission has fixed rates to be charged monthly by the plaintiff in error for phones.   In the case of *Pioneer Telephone & Telegraph Co. v. Westenhaver et al.,* 23 Okla. 226, 99 Pac. 1019, this court said:

"In order to pass upon the questions presented to this court by this appeal, it is necessary to know the value of the property employed by appellant in its exchange at Enid, the expense of operating said exchange, the amount of expenditures required to keep it in repair, and the depreciation, if any, in the property of the company, and the income or probable income which the company will receive from the rates fixed by the commission.   These facts may have been found by the commission before making the order appealed from, but they do not appear in the record, and they   are necessary to the consideration by this court of the questions involved in the appeal. * * *" '

See, also, *Midland Valley R. Co. et al. v. State,* 24 Okla. 817, 104 Pac. 1086. In the case of *State Journal Printing Company et al. v. Madison Gas & Electric Company,* decided by the Railroad Commission of Wisconsin on March 8, 1910 (4 Wis. Ry. Com. R. 501), the petition alleged, in substance, that the rates for gas and for electric current were excessive and discriminatory, and that the services rendered by the respondent, both by the gas and electric plants, were inadequate. The commission held as follows:

"Since public utilities are entitled to earnings for the services they render that will cover all reasonable operating expenses, including depreciation and a fair return on a fair valuation of the property used and useful in performing the public services, the issues raised in this case necessarily embrace, among other things, what constitutes a fair valuation of the property of the plant that is devoted to public use, the gross earnings under the present rates, and what constitutes a reasonable amount for operating expenses when depreciation of the physicial property and adequate returns on the investment are included therein."

In that case the Railroad Commission heard evidence on all of said questions and made findings thereon. We can commend the record of said proceeding as a model, every fact necessary to justify the granting of relief to complainants seemingly being elicited, and also, at the same time, the rules of law laid down by the Supreme Court of the United States, and of that state, being observed.. In the case at bar, there is neither any evidence nor finding of fact in the record as to the value of the property employed by complainant in its exchange at Purcell, the gross earnings under the pre-existing rates, and what constitutes a reasonable amount for operating expenses, including the reasonable depreciation of the physical property and adequate returns on the investment. This is necessary. Nor has any brief been filed in this court, either on the part of the complainant or the state (appellee). If the complainant or counsel for the state have recognized, as they should, that it was necessary for evidence to be heard upon all these issues, and a finding thereon made, in order to sustain the rates promulgated, and for that reason have not filed a brief, they should have

expedited the business of this court and facilitated the final determination of this proceeding by suggesting the deficiency of the record and its being remanded for the hearing of additional evidence and additional findings.

We have carefully examined this record, and reached the conclusion that this cause should be remanded to the commission with instructions to proceed to make such investigation of the evidence introduced at the former hearing and all other evidence that may ·hereafter be offered by any party in interest, as is necessary to make a finding of facts, and, when this is done, to make such finding and to certify the same, together with the evidence, to this court within 90 days, for its further consideration.

All the Justices concur.