## HINE v. WADLINGTON *et al.*

No. 1144.    Opinion Filed May 14, 1912.

Rehearing Denied June 18, 1912.

(124 Pac. 299.)

1.  **TELEGRAPHS AND TELEPHONES** — Regulations — **Orders of Corporation Commission.** On complaint of W. to the Corporation Commission on October 17, 1908, it being shown that appellant charged certain subscribers of the Purcell Telephone Exchange $1 per month for residence phones and $2 per month for business phones and other subscribers $1.25 per month for residence phones and $2.50 per month for business phones, the commission ordered that appellant discontinue the charge of $1.25 for residence phones and $2.50 for business phones to certain subscribers, and that all subscribers be charged at the same rate. **Held,** without error.

2.    **SAME—Appeal.** Subsequently, to wit, on November 10th, appellant applied to the commission for permission to raise said rates. After a hearing on April 16, 1909, the commission denied appellant's petition. Appellant then prayed this court that the record of the second proceeding be required to be certified by the commission to this court to be considered on the hearing of the appeal from the order of October 17, 1908, which was granted, but no appeal or proceeding in error was ever prosecuted from the order entered after April 16, 1909. **Held,** that this court is without jurisdiction to review said order of April 16, 1909.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceedings before the Corporation Commission by B. C. Wadlington and others against Lewis T. Hine, sole owner of the Purcell-Lexington Telephone Company. From the order of the Commission, Hine appeals. Affirmed.

*J. W. Hocker,* for appellant.

*Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.   On the 27th day of October, A. D. 1908, on petition of B. C. Wadlington and others, an order was entered by the Corporation Commission fixing and establishing rates of charges for messages and rentals of phones per month in the city of Purcell.

On October 16, 1909, petition in error, with record attached, was filed in this court to review said order; said petition in error being in part as follows:

"Comes now Lewis T. Hine, plaintiff in error, and alleges and shows to the court that on the 17th day of October, A. D. 1908, said defendant in error, B. C. Wadlington, obtained an order and judgment before the Corporation Commission of the state of Oklahoma, in an order fixing and establishing the rate charge and rentals for telephones per month in the city of Purcell, Oklahoma, in an action then pending before said Corporation Commission, wherein said defendant in error was the complainant and this plaintiff in error was the respondent. * * * Wherefore plaintiff in error prays the court that said judgment and proceedings be considered, and upon a hearing that the same be set aside and reversed, and pending a determination in this honorable court that said rates be enjoined, with such supersedeas bond as the court may order in the premises."

On November 10, 1908, the appellant filed a petition before the Corporation Commission in substance alleging that the rates prescribed for the appellant to charge for the service rendered by this telephone exchange on October 17, 1908, were confiscatory and not remunerative, and asked that he be permitted to charge rates in excess of said order appealed from. Evidence was heard on said application on March 11, 1909, when such hearing was continued to April 16, 1909, then additional evidence being taken and his petition to increase the rates denied. See *Hine v. Wadlington et al.,* 27 Okla. 285, 111 Pac. 543; *Id.,* 26 Okla. 389, 109 Pac. 301.

The order entered on October 17, 1908, is in part as follows:

"Therefore the commission is clearly of the opinion that the undisputed facts as developed by the evidence in this case clearly show discrimination between the patrons of the defendant's telephone system, and therefore should be discontinued. It is therefore ordered by the Corporation Commission that the Purcell & Lexington Telephone Company charge all its subscribers for business telephones and residence telephones the same rate for a service which shall be, until further ordered by the commission, $1 per month for residence phones and $2 per month for a business telephone. That in the event these prices are not remunerative, the defendant company may apply to the commission to be permitted to charge additional rates and, upon such application, a thorough investigation will be made as to the reasonableness and compensatory features of these rates."

On this hearing it was shown that the appellant charged certain subscribers at the rate of $1 and $2 per month, respectively, for residence and business phones, and other subscribers $1.25 and $2.50 per month, respectively, for residence and business phones. The commission found that this was an unreasonable and an unjust discrimination and not permissible.

In *State of Alabama ex rel. C. W. Ferguson v. Birmingham Waterworks Co.,* 164 Ala. 586, 51 South. 354, 27 L. R. A. (N. S.) 674, 137 Am. St. Rep. 69, 20 Ann. Cas. 951, it is said:

"The granting of a rate to any considerable number of consumers more favorable to them than the rate fixed for consumers generally, in the absence of possible peculiar circumstances of justification, would be evidential that the general rate is unreasonably high, which would call for municipal or legislative re-

vision to be enacted in a due observance of constitutional limitations."

As a general proposition it is settled that a corporation authorized to supply water or light to the inhabitants of a municipality may not discriminate as to the rate charged, at least among those of the same class. *Danville v. Danville Water Co.,* 180 Ill. 235, 54 N. E. 224; *State ex rel. Latshaw v. Water & Light Com'rs,* 105 Minn. 472, 117 N. W. 827, 127 Am. St. Rep. 581; *Griffin v. Goldsboro Water Co.,* 122 N. C. 206, 30 S. E. 319, 41 L. R. A. 240; *Armour Packing Co. v. Edison Electric Illuminating Co.,* 115 App. Div. 51, 100 N. Y. Supp. 605; *Cincinnati, H. & D. R. Co. v. Bowling Green,* 57 Ohio St. 336, 49 N. E. 121, 41 L. R. A. 422.

In *Owensboro Gaslight Co. v. Hildebrand,* 19 Ky. Law Rep. 983, 42 S. W. 351, it is said:

"They are quasi public corporations and practically have a monopoly of the business of manufacturing and furnishing gas within the corporate limits of the city; it is therefore their duty to furnish the city's inhabitants with gas and to do so upon terms and conditions common to all, and without discrimination. They cannot fix a variety of prices or impose different terms and conditions according to their caprice or whim."

Under the record at the hearing on October 17, 1908, no evidence was offered by the appellant to show that the rates of $1 and $2 per month for residence and business phones, respectively, were so low as to be unreasonable and unjust. The appellant having voluntarily placed such rates in force, and having operated thereunder a considerable length of time, the presumption is in favor of such rates and the burden on the hearing would be upon the appellant to show that such rates were so low as to be unreasonable and unjust. On the hearing he failed to meet this burden of proof, and the commission was justified in finding that there existed a "discrimination between patrons" of the appellant's telephone system and in ordering same to be discontinued. The order of the commission appealed from is presumed on review here to be just and reasonable.

In *Atchison, T. & S. F. R. Co. v. State et al.*, 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908, paragraph 3 of the syllabus is as follows:

"Corporation Commission — Regulation of Carriers — Presumptions. in Favor of. *Prima facie* just, reasonable, and correct, in section 22, art. 9 (section 235, Bunn's Ed.; Snyder's Ed. p. 259), of the Constitution, is a presumption arising upon the finding of the Corporation Commission that the order based upon such facts is presumed on appeal to this court to be just, reasonable, and correct, subject to be overcome or rebutted by the facts in the record as weighed and found by this court on reviewing the same."

This rule has been uniformly adhered to.

Thereafter on the 10th day of November, 1908, the appellant having filed his petition to be permitted to raise the rates, which was denied by the commission on April 16, 1909, no appeal was prosecuted from this order. Therefore this court has no jurisdiction to review the case.

It follows that the order of the Corporation Commission entered on October 17, 1908, must be affirmed, and that this court is without jurisdiction to review the subsequent order which was entered by the Corporation Commission after the 16th day of April, 1909.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.