## ATCHISON, T. & S. F. RY. CO. *et al.* v. STATE.

No. 5730.    Opinion Filed June 22, 1915.

(150 Pac. 108.)

1.  **COMMERCE—Regulation—Interstate Commerce—Order of Corporation Commission—Jurisdiction.** The jurisdiction of the Corporation Commission is not to be tested by the proposed order, but by the order made.

2.  **CARRIERS—Carriage of Passengers—Regulation — Order of Commission—Findings of Fact.** By Const. art. 9, sec. 22, it is made the duty of the Corporation Commission, upon making an order that intrastate passengers on trains, desiring to continue their journey within the state beyond the station to which tickets are originally purchased, shall be permitted to pay the regular fare and no penalty shall be collected in excess of the regular fare, unless the carrier gives them an opportunity to purchase a ticket at the station to where they were originally destined, to make findings of fact upon which the order is based, and, on appeal to this court from such order, to certify the facts found by it to this court. And where the Corporation Commission fails to make and certify such findings of fact, this court may, under said section of the Constitution, remand the case to the commission, with directions so to do and to certify the same as stated.

(Syllabus by the Court.)

*Appeal from State Corporation Commission.*

Appeal by the Atchison, Topeka & Santa Fe Railway Company and others from an order of the Corporation Commission.    Cause remanded to the commission, with directions to take additional evidence and find the facts.

*Cottingham & Hayes, C. O. Blake, R. A. Kleinschmidt, Thos. B. Pryor, Edgar A. de Meules, C. E. Warner, C. C. Huff, Clifford L. Jackson,* and *W. R. Allen,* for appellants.

*Chas. West,* Attorney General, and *Chas. L. Moore,* Assistant Attorney General, for the State.

TURNER, J.. On September 21, 1913, the Corporation Commission served on the Atchison, Topeka & Santa

Fe Railway Company and 15 other such companies doing business in the state notice of proposed order No. 133. The pertinent part of the notice reads:

"You are hereby notified that the Corporation Commission of Oklahoma, at its office in Oklahoma City, Oklahoma, at 10 o'clock a. m. on the 13th day of September, 1913, will hear any objections which may be urged by any person interested against the following proposed order, rule, regulation, and requirement.

"You and each of you shall stop all passenger trains for which tickets are sold at the nearest station to the state line at which tickets are so sold for such trains, whether coming into or going out of the state of Oklahoma, a reasonable length of time to allow all passengers aboard such trains to purchase tickets for points in other states on outgoing trains and for points within the state of Oklahoma on incoming trains.

'In witness whereof, we have hereunto set our hands and affixed the seal of said commission this 2d day of September, 1913.

"CORPORATION COMMISSION OF OKLAHOMA,

"J. E. LOVE, *Chairman.*

"A. P. WATSON, *Commissioner.*

"Attest:

"SAM HOUSTON, *Acting Secretary.*        [Seal.]"

After protests duly filed, there was evidence introduced before the Corporation Commission in support of and in opposition to the proposed order, and at the close of all the evidence the Corporation Commission entered order No. 757, the pertinent part of which reads:

"This proposed order was heard on September 13, 1913, after due notice at which all railroads interested were represented and objection heard, which shows that all the railroads represented objected to the proposed order as outlined, because that would interfere with the interstate law. * * * It is not the desire of the Corporation Commission of Oklahoma to promulgate orders in conflict with the interstate laws, but to protect our passengers inside of the state.

"It is therefore ordered that passengers on trains desiring to continue their journey within Oklahoma beyond the station to where tickets are originally purchased, shall be permitted to pay the regular fare, and no penalty shall be collected in excess of the regular fare, unless the carrier gives passengers an opportunity to purchase a ticket at the station to where they were originally destined.

"This order to take effect after November 1, 1913.

"CORPORATION COMMISSION,
　　　　　"A. P. WATSON, *Commissioner.*
　　　　　"GEO. A. HENSHAW, *Commissioner.*
"Attest:　J. H. HYDE, *Secretary.*　　　　　[Seal.]

"Dated at Oklahoma City, this the 16th day of October, 1913."

From said order the Atchison,. Topeka & Santa Fe Railway Company and nine of the protesting roads have appealed to this court, assigning for error that the same is void as an interference with interstate commerce.

While the proposed order may have been an interference with interstate commerce, such was not the effect of the order as made. The jurisdiction of the commission is not to be tested by the proposed order, but the order made. *St. Louis & S. F. Ry. Co. v. Miller et al.,* 31 Okla. 801, 123 Pac. 1047. As the order was leveled at the practice, of at least some of the railroads, of exacting more than the regular fare from an intrastate passenger in transit to a point within the state beyond that mentioned in his ticket, without affording him an opportunity to purchase another ticket for that point at the regular fare, construing the order pursuant to the intent of the commission not to interfere with interstate commerce, which intent is apparent on its face, we hold that when the order says, " * * * passengers on trains, * * * " it means intrastate passengers, and intends to correct the practice referred to when it provides that, when such passengers desire to continue their journey in the state beyond the

station to which their tickets were originally purchased, no penalty shall be exacted from them in excess of the regular fare, unless the cárrier gives them an opportunity to purchase a ticket at the station to where they were originally destined. Thus construed, there is no merit in the contention that said order seeks to regulate interstate commerce.

But this cause must be remanded. This for the reason that, while the evidence before the commission is before us, there is no finding of facts upon which the order appealed from is based certified to us, as required by article 9, sec. 22, of the Constitution. This being the state of the record, the cause is remanded to the commission, with directions to take additional evidence should the commission see fit so to do, and to find the facts upon which the order is based and certify the same to this court. *Pioneer Tel. & Tel. Co. v. Westenhaver et al.*, 23 Okla. 226, 99 Pac. 1019; *A., T. & S. F. Ry. Co. v. State*, 27 Okla. 820, 117 Pac. 330; *Chicago, R. I. & P. Ry. v. State*, 24 Okla. 370, 103 Pac. 617, 34 L. R. A. (N. S.) 393.

All the Justices concur.