## MUSKOGEE GAS & ELECTRIC CO. v. STATE et al.

No. 10635—Opinion Filed Jan. 6, 1920.

(Syllabus.)

**1. Corporation Commission—Powers.**

The Corporation Commission was created and endowed with legislative, executive, administrative, and judicial powers.

**2. Same—Nature of Rate-Fixing Power.**

The power to fix rates is legislative, whether exercised by the Legislature directly, or by an administrative body under delegated authority.

**3. Same — Scope of Rate-Fixing.**

The legislative power of the Corporation Commission over rates is not confined to prescribing permanent rates, but may be exercised as the exigencies of the times and changing conditions demand, and the Corporation Commission has authority to prescribe temporary rates when the necessity therefor is apparent.

**4. Same—Methods.**

The rate-making power of the Corporation Commission is not limited to any particular theory or method; and the commission may, if it has the necessary facts before it, prescribe a temporary schedule of rates to be effective until the commission has had time to make an investigation and a valuation of the property of the public utility.

**5. Same—Complaints—Notice.**

The power of the Corporation Commission to prescribe rates is not limited to complaints filed, but is inherent in the authority delegated to the commission, and the only question of notice that can be raised by a public utility is that prescribed for notice and hearing for the utility itself.

**6. Same — Trial—Hearsay Evidence — Corporate Records.**

The rule against the admissibility of hearsay evidence does not apply to exhibits made by the complainant from the books of a public service corporation, where such corporation is confronted with the exhibits and given an opportunity for cross-examination and rebuttal.

**7. Same—Procedure—Technical Rules.**

The inquiry of a board of the character of the Corporation Commission should not be too narrowly constrained by technical rules as to the admissibility of evidence. Its function is largely one of investigation, and it should not be hampered in making inquiry pertaining to rates of a public utility by those narrow rules which prevail in trials at common law.

**8. Same—Scope of Review of Orders.**

The fixing of rates is not a judicial function, and the right to review the conclusions of a board with legislative power such as that exercised by the Corporation Commission, is limited in determining whether the board acted within the scope of its authority, or the order is without foundation in evidence, or a constitutional right of the public utility has been infringed upon by fixing rates which are confiscatory or insufficient to pay the cost of the service and return to the utility a reasonable profit on the investment.

**9. Same—Presumptions as to Findings.**

Findings of fact made by the Corporation Commission are by section 22, art. 9, Constitution, prima facie just, reasonable, and correct.

**10. Same—Appeal—Record—Requisites.**

The requirement of section 22, art. 9, Constitution, that the Corporation Commission certify on appeal all the facts upon which the order appealed from was based, and which may be essential for the proper decision on the appeal, as well as a written statement of the reasons upon which the order appealed from was based, is not fulfilled by certifying the evidence and an order which states merely the conclusions reached by the commission.

**11. Same — Remand for Findings — Public Utilities—Rates.**

When the Corporation Commission, upon making an order prescribing the rates which a public utility may charge for electric services, fails to make a finding of facts, and to certify the same to the Supreme Court on appeal from its order, the Supreme Court may, under said section of the Constitution, remand the case to the commission with directions to find the facts upon which the commission based its order, and to certify the same to the court, before the appeal is finally decided.

**12. Same.**

The Corporation Commission, having failed to certify the facts upon which the order appealed from herein is based and which are essential for the proper decision of the appeal, it therefore becomes the duty of the court to remand the case to the Corporation Commission for such finding of facts.

Appeal from the Corporation Commission.

From an order prescribing a temporary schedule of electric rates for Muskogee and Ft. Gibson, Oklahoma, the Muskogee Gas &

Electric Company appeals. Remanded for finding of facts.

Paul Reiss, for appellant.

S. P. Freeling, Atty. Gen., for the State.

O. R. Thraves, for the Corporation Commission.

HIGGINS, J.   Order No. 1561 of the Corporation Commission issued in Cause No. 3686 prescribed a temporay schedule of rates for electric service for Muskogee and Ft. Gibson. Appellant contends that said order is invalid for the reason that it is temporary and experimental, and was put into effect only until such time as the commission could secure data upon which to make a valuation of the property of the company and a permanent schedule of rates; and because the order goes beyond the complaint in prescribing rates for Ft. Gibson, and for the further reason that the evidence fails to sustain the order.

The first contention strikes at the very foundation of the fundamental law creating the commission and defining its duties, and if sustained, must work a result quite as surprising and disastrous to the appellant as to the patrons of the company and the general public, for if the commission were limited to prescribing rates to instances where it had made a complete inventory and valuation, there could be little or no relief from fluctuating prices brought about by war conditions and incident to the reconstruction period.

This contention of the appellant fails to take into consideration the purpose for which the commission was created and the powers conferred upon it through the Constitution and the laws enacted by the Legislature. The Corporation Commission was created and endowed with legislative, executive, administrative, and judicial powers. St. Louis & S. F. R. Co. v. Williams et al., 25 Okla. 662, 665, 107 Pac. 428, 430; Okla. Gin Co. v. State, 63 Okla. 10, 158 Pac. 629, 631.

In Ft. Smith & W. R. Co. v. State. 25 Okla. 866, 868, 108 Pac. 407, this court said:

"The power lodged in the commission to promulgate rates is a legislative power, and its exercise by the commission involves legislative discretion and policy. Any rule that would require the commission, before it promulgates any order fixing a rate, to have before it evidence that would establish to a mathematical certainty the reasonableness of the proposed rate, would greatly hinder, if not almost entirely prevent, the commission from exercising that power."

The power to fix rates is legislative, whether exercised by the Legislature directly, or by an administrative body under delegated authority. Chicago, M. & St. P. R. Co. v. State Public Utilities Com., 268 Ill. 49, 108 N. E. 729.

In Lincoln Tract. Co. v. City of Lincoln et al. (Neb.) 171 N. W. 192, P. U. R. 1919, C 927, it is said:

"Unless there has been specific legislation that might limit or affect this power given to the commission, it would seem that the people have given the commission all the control over common carriers that they themselves could exercise."

In O'Brien v. Brd. of P. U. Com. (N. J.) 106 Atl. 414, P. U. R. 1919D, 774, 778, it is said:

"From time immemorial the Legislature, in granting charters to the railroad companies, has fixed the rates to be charged without the slightest consideration of the value of the property, because in most instances the property was not in existence to be valued when the rates were fixed, nor, so far as we know, has the right of the Legislature to change rates by legislation been successfully assailed because there was no valuation of the property unless it has been shown that the rates are confiscatory or unreasonable, and what the Legislature may do, it may delegate to its agent to do within the limits of the delegated power."

In Public Service Gas Co. et al. v. Brd. P. U. C., 87 U. J. L. 497, 94 Atl. 634, L. R. A. 1918 A, 421, 426, it is said:

"A just and reasonable rate, therefore, is necessarily rather a question of business judgment than one of legal formula, and must often be tentative, since the exact result cannot be foretold. Wilcox v. Cons. Gas Co., 212 U. S. 19, 53 L. Ed. 382, 48 L. R. A. (N. S.) 1134, 29 Sup. Ct. Rep. 192, 15 Ann. Cas. 1034; N. P. R. Co. v. North Dakota, 216 U. S. 579, 54 L. Ed. 624, 30 Sup. Ct. Rep. 423."

The particular powers conferred on the Corporation Commission over transportation and transmission companies by the Constitution have been extended by the Legislature over gas, electric, and water companies. Guthrie Gas, Light, Fuel and Imp. Co. et al. v. Board of Education, 64 Okla. 157, 166 Pac. 128; City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 Pac. 1058; U. S. Adv. Ops. 1918-19, page 663; City of Durant v. Consumers Light & Power Co., 71 Oklahoma, 177 Pac. 361.

The legislative power of the Corporation Commission over rates is, therefore, not confined to prescribing permanent schedules, but may be exercised as the exigencies of the times and changing conditions demand.

State public utilities commissions have generally recognized and sanctioned tempor-

ary rates to meet emergencies, or determine by experiment or trial what rates would be just, and such rates have been common during the war and the present reconstruction times. It would be impracticable to attempt an exhaustive list of such cases, but the following are typical: In re Electric Rates, Okla. Gas & Elec. Co. for Okla. City and Britton (Okla.) P. U. R. 1918 D 216; Re United Railway Co. (Mo.) P. U. R. 1919 F 264; Re Tutwiler (Tenn.) P. U. R. 1919 E 312; Re Plymouth Gas & Light Co. (Mass.) P. U. R. 1919 C 486; Re Home Tel. Co. (Ind.) P. U. R. 1919 C 209; Lincoln Tract. Co. v. City of Lincoln et al., supra; O'Brien v. Brd. of P. U. Com., supra; Re So. Cal. Edison Co. (Cal.) P. U. R. 1919 B 810; Re Bullock (N. Y.) P. U. R. 1919 B 900; Re Ind. Tract. & Terminal Co (Ind.) P. U. R. 1919 B 152; Re Pac. Electric Co. (Cal.) P. U. R. 1919 B 1; Re City Light & Tract. Co. (Mo.) P. U. R. 1918 F 938; Re Conn. Co. (Conn.) P. U. R. 1919 A 161; Re Ill. N. U. Co. (Ill.) P. U. R. 1919 E 932; Lincoln Co. Power Co. v. Itself (Me.) P. U. R. 1919 C 862; Re Public Service Co. of N. (Ill.) P. U. R. 1919 D 809; Re Bay State R. Co. (Mass.) P. U. R. 1918 D 880; Re Salt Lake & U. R. Co. (Colo.) P. U. R. 1919 C 565.

In refusing to grant an injunction restraining railroad rates established by the Mississippi Railroad Commission, the Supreme Court of the United States said:

"But it is sufficient for the present to say that the experimental period was too brief; there is too little showing of an effort to develop traffic along the line of the road from property other than that of complainant; and conditions during the entire period covered by the testimony have been too abnormal to enable us to say that the commission's rates are confiscatory." Darnell v. Edwards, 244 U. S. 564, 569, 61 L. Ed. 1317, 1321.

The Supreme Court of Nebraska, in Omaha & Council Bluffs St. R. Co. v. Neb. State Railway Com. et al.. 173 N. W. 690, P. U. R. 1919 F 307, remanded a case to the railway commission with instructions to order an increase in rates, the same to be temporary only, and to continue for such time as was necessary, after an investigation and hearing before the commission, to determine what rate was right and proper under the facts of the case; and the court, speaking by Mr. Justice Cornish, said:

"Under the Constitution and laws of this state, the commission has a wide discretion in these matters. Even though present financial conditions, prices, and wages (showing almost unprecedented changes), together with the financial condition of the plaintiff company, do not show a situation which would be technically denominated an emergency, yet, if they do show a situation which makes it altogether probable that the past and present rate is insufficient to yield a revenue which will be that fair average return which the law supposes, the commission is empowered, and it may be its duty, to permit a temporary rate, limited to the time required for making an investigation and finding of the value of the property. If it should happen that the temporary rate so fixed is too high, the condition can be rectified in the order fixing the rate after investigation."

The Corporation Commission, therefore, has authority to prescribe a temporary rate when the necessity is apparent.

Neither is the method of making the rates by the Corporation Commission limited to any particular theory or method, nor is a valuation a necessary prerequisite to prescribing rates. In re Intrastate Express Rates, 40 Okla. 237, 138 Pac. 382; O'Brien v. Brd. of P. U. C. et al., supra; Re City Light & Tract. Co., supra; Re Pac. Electric R. Co., supra.

In Public Service Gas Co. v. Brd. of P. U. C., supra, L. R. A. 1918A, 426, it is said:

"Like so many other questions of the law that involves the reasonableness of conduct, it is a question of fact to be settled by good common sense of the tribunal it may come before. That it is not a question of legal formula is shown by the decisions that a rate may be reasonable, although it fails to produce an adequate return to the public service company owing to the fact that business has not developed sufficiently to be remunerative, or to the fact that the plant is on a larger scale than is justified by present demand. Santiago Land & T. Co. v. Jasper, 189 U. S. 439, 47 L. Ed. 892, 23 Sup. Ct. 571; Long Branch Com. v. Tintern Manner Water Co., 71 N. J. L. 71, 62 Atl. 474. The real test of the justice and reasonableness of an individual rate seems to be that it should be about as low as possible, and yet sufficient to induce the investment of capital in the business and its continuance therein."

The contention that the commission's order goes beyond the complaint in prescribing rates for Ft. Gibson cannot be taken seriously. The commission is not limited in prescribing rates to complaints filed before it. The utility cannot complain if it has had the required notice of the hearing and has been given an opportunity to introduce evidence in its behalf. Sub-paragraph "A" of paragraph 3 of the syllabus of St. Louis & S. F. R. Co. v. Miller et al., 31 Okla. 801, 123 Pac. 1047, reads:

"It is not essential for any petition to be filed, but that notice shall be had on the company or corporations to be affected."

In Raymond Lbr. Co. v. Raymond Light & Power Co. et al. (Wash.) 159 Pac. 133, the court, in construing a provision of the public service corporation law in regard to notice, said:

"The commission was not required, when it appeared during its investigation as to the rates being charged by the water company and the services being rendered by it, that the company was furnishing water under contract which resulted in discrimination, to give notice to the holder of the contract before it could direct the water company to charge all consumers at the tariff rate. There is no provision in the law requiring such notice. The provision of the statute quoted in respondent's brief (sec. 80) relates to the notice to be given to a public service corporation when a complaint is filed against it with the Public Service Commission, and that it be given an opportunity to be heard upon its rates and service."

Furthermore the pleadings show that the order appealed from was made on a rehearing of an order fixing rates for Muskogee and Ft. Gibson, which order had been made on application of appellant.

In contending that the order of the Corporation Commission is not sustained by the evidence, appellant urges that the exhibits offered by one of the principal witnesses for the city of Muskogee should be excluded on the ground that these exhibits were compiled from the records of the company, and therefore amount to hearsay testimony, the records themselves being the best evidence. The witness being present and opportunity being given to cross-examine these exhibits and the witness, would relieve this testimony from the operation of the hearsay rule. Greenleaf on Evidence (16th Ed.) vol. 1, sec. 163. The rule against the admissibility of hearsay testimony does not apply to exhibits made by the complainant from the books of a public service corporation, where the company is confronted with the exhibits and given an opportunity of cross-examination and rebuttal. The witness is not giving the contents of the books as such. He is merely stating what he has found out and knows from his own knowledge. This the company has opportunity to rebut if it has in its possession the records and books from which the exhibits were compiled. Chamberlayne's The Modern Law of Evidence, vol. 4, sec. 2709.

Moreover the strict rule applicable to law courts does not prevail in legislative proceedings. In Interstate Commerce Commission v. Baird, 194 U. S. 25, 44, 48 L. Ed. 860, 869, it is said:

"The inquiry of a board of the character of the Interstate Commerce Commission should not be too narrowly constrained by technical rules as to the admissibility of proof. Its function is largely one of investigation, and it should not be hampered in making inquiry pertaining to interstate commerce by those narrow rules which prevail in trials at common law, where a strict correspondence is required between allegation and proof."

In Chicago, M. & St. P. R. Co. v. State P. U. C., supra, 108 N. E. 732, it is said:

"The fixing of rates is not a judicial function, and the right to review the conclusion of the Legislature, or an administrative body is limited to determining whether the board acted within the scope of its authority, or the order is without foundation in the evidence, or a constitutional right of the carrier has been infringed upon by fixing rates which are confiscatory or insufficient to pay the cost of the traffic and return to the carrier a reasonable profit on the investment. Int. C. Com. v. Ill. Cen. R. Co., 215 U. S. 452, 30 Sup. Ct. Rep. 155, 54 L. Ed. 280; Int. Commerce Com. v. Chicago, R. I. & P. R. Co., 218 U. S. 88, 30 Sup. Ct. Rep. 651, 54 L. Ed. 946."

If the order of the commission has a substantial basis in evidence, there is no ground upon which the court can interfere. Missouri, K. & T. Ry. Co. v. State, 24 Okla. 331, 103 Pac. 613; U. S. Express Co. v. State, 47 Okla. 656, 150 Pac. 178, 182; Chicago, M. & St. P. R. Co. v. State U. C., supra.

The final question raised by appellant is whether there is evidence in the record to support the commission's order. Findings of fact made by the Corporation Commission are by section 22, art. 9, Constitution, prima facie just, reasonable, and correct. Atchison, T. & S. F. R. Co. v. State, 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; Atchison, T. & S. F. R. Co. v. State, 23 Okla. 510, 101 Pac. 262; Chicago, R. I. & P. R. Co. v. State, 24 Okla. 370, 103 Pac. 617; Ft. Smith & W. R. Co. v. State, 25 Okla. 866, 108 Pac. 407; Missouri, K. & T. R. Co. v. Town of Wichita, 25 Okla. 586, 106 Pac. 852.; Atchison, T. & S. F. R. Co. v. State, 28 Okla. 476, 114 Pac. 721; St. Louis, I. M. & S. R. Co. v. State, 28 Okla. 372, 114 Pac. 1096; U. S. Express Co. v. State, 47 Okla. 656, 150 Pac. 613; St. Louis & S. F. R. Co. v. Travelers' Corporation, 47 Okla. 374, 148 Pac. 166; Guthrie Light, Gas, Fuel & Imp. Co. et al. v. Brd. of Education, supra; City of Pawhuska v. Pawhuska Oil & Gas Co., supra.

But an examination of the record fails to disclose the facts upon which the order is made, and the court is therefore without a basis to determine the weight of the evidence. The requirement of section 22. art. 9, Constitution, that the commission certify on appeal all the facts upon which the order

appealed from was based, and which may be essential for the proper decision of the appeal, as well as a written statement of the reasons upon which the action appealed from was based, is not fulfilled by certifying the evidence and an order which states merely the conclusions reached by the commission. Atchison, T. & S. F. R. Co v. Love et al., 23 Okla. 192, 99 Pac. 1081; Kansas City S. R. Co. v. Love et al., 23 Okla. 224, 100 Pac. 22; Pioneer T. & T. Co. v. Westenhaver et al., 23 Okla. 226, 99 Pac. 1019; Midland Val. R. Co. et al. v. State, 24 Okla. 817, 104 Pac. 1086; Atchison, T. & S. F. R. Co. et al. v. State, 47 Okla. 645, 150 Pac. 108.

Paragraph 2 of the syllabus of Pioneer T. & T. Co. v. Westenhaver, supra, reads:

"When the corporation commission, upon making on order prescribing the rates which a telephone company may charge for services on its exchange, fails to make a finding of facts and to certify the same to the Supreme Court on appeal from its order, the Supreme Court may, under said section of the Constitution, remand the case to the commission, with directions to find the facts upon which the commission bases its order, and to certify the same to the court, before the appeal is finally decided."

And on pages 228, 229, 23 Okla., of this same case, this court said:

"Section 22 of art. 9 of the Constitution (sec. 234, Bunn's Ed.) provides that on appeal from the commission to this court the chairman of the commission under his seal shall certify to this court all the facts upon which the action appealed from was based and which may be essential to a proper decision on appeal, together with such of the evidence introduced before or considered by the commission as may be selected, specified, and required to be certified by any party in interest, as well as such other evidence introduced or considered as the commission may deem proper to certify. All the evidence introduced at the hearing before the commission has been certified to this court by it, but we do not think that the requirements of this section of the Constitution are complied with by certifying alone all the evidence introduced before the commission. To so hold would clearly result in giving no meaning to that portion of the section which states that the chairman of the commission shall certify under seal all the facts upon which the order appealed from is based. It is true that neither this section nor any other section of the Constitution in specific language states that the commission shall make a finding of facts, but this to our mind is clearly contemplated by the language of this section, requiring the commission to certify all the facts upon which its order is based; for how could the commission certify the facts without first finding them? This court, with all the evidence in the record now before it, might proceed to find the facts, and then, applying the law to facts found, determine whether the order of the commission is reasonable and just, but this is not the procedure contemplat.d by the provisions of the Constitution. The finding of fact by the commission is not conclusive upon this court, but it is highly persuasive. If the facts found by the commission were set out in the record in this case. there might be no difference between counsel as to the facts, and their contention be reduced to question of law. * * * If the commission made no finding of facts upon which it based its order, it should have done so; and, if it did make such finding of facts, the same should be before this court to aid and advise it in its consideration of the case on appeal."

The Corporation Commission having failed to certify the facts upon which the order appealed from herein is based and which are essential for a proper decision of the appeal, it, therefore, becomes the duty of the court to remand the case to the Corporation Commission for such finding of facts. Pioneer T. & T. Co. v. Westenhaver, supra; Midland Val. R. Co. v. State, supra; Atchison, T. & S. F. R. Co. et al. v. State, supra, 47 Okla. 645.

The case is, therefore, accordingly remanded to the Corporation Commission, with instructions to certify to the court within 15 days the finding of facts upon which the order was based.

OWEN, C. J., and RAINEY, JOHNSON, PITCHFORD, and McNEILL, JJ., concur.